# CHARLESTOWN.

## JELENKO & BRO. v. COLEMAN.

Submitted June 29, 1883—Decided September 29, 1883.

1. Though section 1 of chapter 56 of Acts of 1875, page 127, by its words seems to require, that any suit, which had been pending in a county court for more than a year, should be removed for this cause only to the circuit court on the motion of any party, and that on such motion it was the imperative duty of the county court to make an order directing such removal, yet in passing on such motion, though ordinarily the court would be bound to make such order, still it has a right to consider such motion in reference to the then state and condition of the case, in which the motion is made. If for instance the court had refused to continue the case on the motion of the defendant, it may properly overrule a motion by the defendant to remove the

case to the circuit court, though if on such motion the court·
ordered the case to be removed, it ought to have been docketed
in the circuit court and there retained for trial.   (p. 227.)

2. Though the terms of this act are broad, and, if it were literally
construed, it would authorize the removal of such a case at any
time without any reference to the then state and condition of
the case, yet in certain stages of the suit such authority would
conflict with other laws and do violence to rights, which it can-
not for a moment be supposed it was the purpose of the Legis-
lature to disturb or impair.   Thus the county court under this
law did not have the authority to order the removal of a case
after it had been tried by a jury, and while a motion for a new
trial was pending and undecided ; for if this law was construed
to confer such authority in such case, it would conflict with
section 15 of chapter 131 of our Code, page 627, which authorizes
only the court before which a trial by jury has been had, to
grant a new trial ; and if a case could be removed in such a stage
of it, the motion for the new trial could never be decided in
favor of the granting of such new trial, as the circuit court
would have no authority in any case to grant a new trial, when
the verdict of the jury had been rendered in the county court
before the removal.   (p. 229.)

3. If a case was ordered by the county court to be removed into the
circuit court, when it had no authority to do so,. the circuit
court ought not to make an order docketing the case in that
court; and if it make such order, it should correct its error by
making an order remanding the case to the county court, where
under these circumstances it would be regarded in law as all the
time pending.   (p. 231.)

4. If when the last amendment of our Constitution went into effect
on October 12, 1880, a case was pending in the county court and
had been tried by a jury, and a motion had been made for a new
trial, which motion the court had continued to the next term,
and it remained undecided, when this last amendment of our
Constitution went into effect, such case ought to be docketed in
the circuit court, and it should by virtue of section 25 of article
8 of the Constitution as amended hear and decide the motion for
the new trial in all respects as if the suit had originated in the
circuit court, and the case had there been tried by the jury.
(p. 232.)

GREEN, JUDGE, furnishes the following statement of the
case :

A. Jelenko & Bro. instituted an action of *assumpsit* in the
county court of Kanawha against Sylvester Coleman.  On the
1st day of November, 1875, the defendant pleaded *non-assumpsit*,

payment and set-off, and the court gave him leave to file specifications of payments and sets-off, and issue was thereupon joined. On the 5th day of November, 1875, the defendant filed his specifications of payments and sets-off, and the plaintiffs filed their specifications of counter off sets, and the case was tried on the issues joined by a jury, who on the 6th day of November, 1875, rendered the following verdict:

"We, the jury, find upon the plea of sets-off filed by defendant, that after applying the amount to which the defendant is entitled upon said plea to the plaintiffs' demand, there is an excess due the defendant, including principal and interest, of five dollars and ninety-seven cents."

On the 9th day of November, 1875, during the same term of the court the plaintiff moved the court to set aside this verdict as contrary to the law and evidence in the case and also for reasons set forth in the affidavit of Gustave Jelenko then filed. This affidavit is not copied into this record, so that the only reason assigned at the time, that this motion for a new trial was originally made, which can be now made out from the record presented, was that the verdict was contrary to the evidence. The court on application of the defendant's counsel continued this motion for a new trial till the next term. There is no certificate of the facts proven or of the evidence; and of course on the record as now made out no one could say, that the verdict was contrary to the evidence. This motion was continued from term to term for twenty-eight months, when on the 6th of March, 1878, the plaintiffs moved the court to set aside the verdict on the following grounds in addition to the grounds formerly assigned: 1. On the ground of newly discovered evidence; 2. Because the issue had not been properly made up by the pleas filed by the defendant, as there was no replication to the pleas of payment and set-off and no rejoinder to the replication of counter set-off; 3. The verdict does not respond to the plea of *non-assumpsist* and payment, and so far as it attempts to respond to plea of set-off it is informal and defective; and 4. On the ground of misbehavior by the jury or members thereof.

This motion was supported by three affidavits, which had been filed in the clerk's office on January 31, 1878. The defendant to resist said motion, relied on six affidavits and a

certain agreement between the defendant's attorney and one of the plaintiffs, all of which had been filed in the clerk's office on February 6, 1878. The plaintiff, to sustain his motion, offered also to read ten additional affidavits and the written examination of the defendant before a commissioner in this case. To the reading of all which the defendant objected; and thereupon the defendant moved the court to remove this case into the circuit court of Kanawha, on the ground that this case and motion had been pending in the county court of Kanawha more than a year; and the court thereupon ordered said removal. On May 27, 1878, it was docketed in said court; and on December 18, 1879, the circuit court of Kanawha rendered the following final judgment in the cause:

"This day came again the parties, by their attorneys, and the affidavits of Jacob Jelenko, Gustave Jelenko and John W. Sentz, each marked No. 1, filed in the office of the clerk of the county court of Kanawha county in this cause on the 31st day of January, 1878, and which the plaintiffs heretofore offered to read on their motion for a new trial, are each ordered to be filed, and the affidavits of C. Hulbert, Joel S. Quarrier, R. B. Matheney, Sylvester Coleman, V. Z. Copen and James W. Atkinson, and the agreement between the plaintiff, Gustave Jelenko, and the defendant's attorneys, all of which were filed in the clerk's office of said county court on the 6th day of February, 1878, by the defendant, and which the defendant heretofore offered to read on said motion for a new trial, are each now ordered to be filed, and the plaintiffs moved the court to file the affidavits of John Price, Gustave Jelenko Nos. 2 and 3, John W. Sentz No. 2, Ann Roy, Wm. L. Hindman, the joint affidavits of Philip Frankenberger and Chas. Loeb, the joint affidavits of W. D. Isaacs and T. J. Newhouse, and the written examination of the defendant before Commissioner Fontaine, heretofore tendered by the plaintiffs, and offered to be read by them on said motion for a new trial; and the defendant objected to each and all of said eight affidavits last mentioned being filed, read or considered on the hearing of said motion to set aside the verdict of the jury in this cause, and for a new trial, and also objected to said examination being filed, read or considered on the hearing of said motion, but the court overruled

the defendant's said objection, and ordered each of said eight affidavits and said written examination to be filed and read and considered the same on the hearing of said motion.  To which action, order and opinion of the court in filing, reading and considering said eight affidavits and examination, or any or either of them, the defendant excepted.  And the plaintiffs' motion to set aside the verdict of the jury in this cause and for a new trial, being argued and considered by the court, is overruled.  It is, therefore, considered by the court that the defendant recover of the plaintiffs the sum of five dollars and ninety-seven cents, the amount found by the jury to be due the defendant in their verdict aforesaid, with interest thereon from the 6th day of November, 1875, and his costs by him about his defense in this behalf expended, including ten dollars as allowed by law."

The plaintiff took a bill of exception to this action and judgment of the court; and in it were incorporated all the affidavits and papers referred to in said judgment.  The record, which has been presented to this Court, is so very defective, that it would be very difficult if not impossible upon it to decide the case upon its merits, as there is not copied into the record the declaration in the case nor the defendant's specifications of payments and set-off nor the plaintiffs' specifications of counter set-off.  To this final judgment of the circuit court the plaintiff obtained a writ of error and *supersedeas*.

It might be questionable, whether the writ of error and *supersedeas* ought to have been awarded at all on a record so very defective; but as the defendant in error has made no motion to quash it as improvidently awarded and has urged no objection to the consideration of the case by this Court, and as we would not for reasons assigned in the opinion consider the case on its merits, even if the record was ever so perfect, we have concluded that we ought not of our motion to refuse to entertain this case and have concluded to consider and determine the same.

*W. A. Quarrier* and *Mollohan & Fontaine* for plaintiffs in error.

*Smith & Knight* and *D. C. Gallaher* for defendant in error, Coleman.

GREEN, JUDGE:

Before considering the merits of this case we must dispose of a preliminary question, and that is, whether, when the circuit court of Kanawha county on the 18th day of December, 1879, entered up the judgment complained of, it had any jurisdiction to enter up any judgment in this case. If it had not, its judgment must be set aside without any examination of the merits or demerits of the judgment itself. The facts bearing on this jurisdictional question appearing in the record are, that on the 6th day of November, 1875, the jury in the county court of Kanawha, where this case had been pending for some time, but for how long a time this very imperfect record does not show, rendered a verdict in favor of the defendant of five dollars and ninety-seven cents as the excess of the defendant's demand on his plea of sets-off, that was established over the plaintiffs' demand. A motion was then made for a new trial by the plaintiff, which on the defendant's motion was continued till the next term, and the next term it was again continued generally, and at the next term it was again continued generally. On the 28th of September, 1877, nearly two years after the trial of the case, the motion of the plaintiffs for a new trial being still undecided, this motion for a new trial was continued on the plaintiffs' motion, the record stating that the continuance was made upon the assurance of the plaintiffs' counsel, that this motion might be disposed of at the next term. At the next term on the 6th of March, 1878, just twenty-eight months after the rendition of this verdict the plaintiffs moved the court to set aside this verdict for four additional reasons not theretofore assigned; and thereupon the defendant moved the court to remove the case to the circuit court of Kanawha county there to be finally tried and determined, on the ground that said case and motion had been pending in the county court of Kanawha more than one year; and the said county court on this motion ordered the same to be removed. On the 27th of May, 1878, the circuit court of Kanawha ordered the case to be docketed in said court, and on the 18th of December, 1879, the circuit court of Kanawha overruled the plaintiffs' motion to set aside the verdict of the jury and for a new trial, and entered up a judgment for the defendant for five dollars

and ninety-seven cents the amount of the verdict with interest from November 6, 1875, and his costs including ten dollars lawyer's fee allowed by law.    To which action of the court the plaintiffs excepted.

By the Acts of 1875, chapter 56, section 1, it is provided : "Where any suit, motion or other proceeding (which might have been brought or had in the circuit court) shall have re_ mained pending in a county court more than one year without being determined, such court on motion of any party to such suit, motion or proceeding, or his representative without notice, shall order it to be moved to the circuit court having jurisdiction over such county."    This is the same as section 1, chapter 174 of Code of Virginia, except the w ords above which we have enclosed in parenthesis.    This act has been interpreted by the court of appeals of Virginia in the cases of *Spengler* v. *Davy*, 15 Gratt. page 385, *et seq*, and in *Hogshead et als.* v. *Baylor*, 16 Gratt. 103.    The interpretation in these two cases being the same.    The true meaning of this statute is fully considered by Judge Daniel in said case in 15 Gratt., and his views met the approval of the entire court in that case, as also in the case in 16 Gratt., and may therefore be regarded as settling the true interpretation of this act.    He says on page 385, *et seq* :

"It must be conceded that the words of the law under which the motion (to move the case from the county to the circuit court) was made to be very plain, and to leave but little room for construction.    It simply declares that when any suit shall have remained in a county or corporation court more than a year without being determined, such court, on the motion of any party to such suit, or his representative, without notice shall order it to be removed to the circuit court having jurisdiction over such county or corporation. Code, chapter 174, section 1, page 657.    The pendency of this suit for more than a year without being determined, would, giving to the words of the section their full ordinary meaning, seem to be all that is required to make it imperative upon the court to remove it.    Yet it would be absurd to suppose that such could have been the real intention of the Legislature.    It is manifest that in some instances a rigid enforcement of the law according to the letter, would con-

flict with other laws, and do violence to rights which we can not for a moment suppose it was the purpose of the Legislature to disturb or impair. The Legislature could not have designed to invest a party with the absolute right, by mere motion, in the midst of a trial before the jury, to arrest the progress of the cause and have it ordered up to the circuit court. Notwithstanding, therefore, the peremptory and unqualified language of the law, the utter want of justice and propriety manifest in a strict compliance with its letter, renders it indispensable that the courts in administering it should put some restrictions upon its terms and make some exceptions to a literal observance of its requirements. It is obvious, from the very nature of the subject, that the courts must have some control as to the time at which, in the course and order of the proceedings in a cause, they will entertain such motions. The law embraces as well all the causes in chancery, as all the cases at law which may have been depending for more than a year in the county courts. Was it the design of the Legislature to give a party the right after the argument of a chancery cause has commenced arbitrarily, to stop the argument, and move his case to the circuit court? Is the plaintiff in an injunction cause, who has made an unsuccessful motion for a continuance, to be allowed such a step to stay the action of the court and avoid a dissolution of his injunction? Or to take the case before us, has a party to a suit at law, who has made a motion to continue, which has been heard and overruled, a peremptory right to thwart and revoke the decision of the court and defeat his adversary of a trial by removing the case to the circuit court? Each of these questions must, I think, be answered in the negative."

In accordance with these views the court in that case held, that the motion to remove the case was properly overruled by the county court, the motion being made by the defendant after a motion for a continuance had been overruled by the court. A like decision was made by the court of appeals in *Hogshead et als.* v. *Baylor*, 16 Gratt. 103. This reasoning which has thus met the approval of the court of appeals of Virginia leads me to the conclusion, that, while generally this statute is to be construed as ordinarily giving a party, after a suit has been pending for more than a year

in a county court, an absolute right to remove his case to the circuit court, yet the county court has a discretion in some cases to refuse to remove the case, when it would be obviously unjust to so do because of the state and condition of the case in the county court at the time such motion is submitted. But in most of these cases, if the county court even improperly exercised this discretion by removing a case, which it ought not to have removed, though it had been pending more than a year, because of the state and condition of the case when the motion was submitted, yet generally such removal would confer jurisdiction on the circuit court, who could not generally for such error remand the case to the county court for trial, because this would not remedy the wrong done but only aggravate the injury by prolonging the case. But there may be cases, in which, if the county court should improperly, with reference to the state and condition of the case, when this motion was submitted, order the case to the circuit court, that court ought to remand the case to the county court; for the situation of the case when so ordered by the county court to the circuit court might be such, as made it impossible for the circuit court to do justice to the other side, and such justice could only be done by remanding the case to the county court. To such cases as these the statute must be interpreted as entirely inapplicable; and therefore the county court in such cases had no authority to order the removal of the case to the circuit court, and if it should do so, this unauthorized order would confer no jurisdiction on the circuit court, and it should refuse to docket the same, and should by *mandamus* compel the county court to proceed with the case, as in the case supposed the circuit court could not possibly do justice for want of jurisdiction; and if in such case the case had been inadvertently docketed in the circuit court, it should be remanded to the county court.

The case before us in my judgment belongs to this class, in which on account of the state and condition of the case in the county court, when the motion was submitted to order the case to be removed to the circuit court, the county court had no authority to order the removal, and, if it did so, the order would confer no jurisdiction on the circuit court. The

motion to remove the case was made after the jury had found a verdict for the defendant, and the plaintiff had made a motion for a new trial, and before the motion for the new trial had been acted upon by the county court. Now, as I understand our statute law, the county court was the only court which could have granted a new trial in a case tried before it. If it refused to do so, it is true, the case might by writ of error have been taken to the circuit court as an appellate court, and on reviewing the action of the county court the circuit court might have awarded a new trial, but in so doing it would simply be entering such order as the county court should have entered, and it would be entered up by the circuit court not as its order but as the order of the county court, who and who alone is the proper party to award a new trial in a case, which was tried before that court.

The Code of West Virginia ch. 131 § 15 p. 627 provides, that "In any civil case, the court, before which a trial by jury is had, may grant a new trial, unless it be otherwise specially provided." The power to grant a new trial is thus conferred on none except *the court before which a trial by jury is had.* If therefore a county court, before whom a trial by jury was had, after the trial, when a motion was pending before it. instead of acting on the motion could in its discretion order the removal of the case to the circuit court, as said circuit court would have no power to grant a new trial, the result would be that the motion for a new trial could never be acted upon at all, and thus the grossest injustice might be done. We are thus compelled by construing together section 1 of chapter 56 of Acts of 1875 and this section 15 of chapter 131 of our Code forced to the conclusion, that despite the broad and imperative language of the first named of these acts it never intended to confer on the county court the power to remove a case after the verdict of a jury and while a motion for a new trial was pending. In the language of Judge Daniel in *Spengler* v. *Davy,* 15 Gratt. pp. 385–6, slightly modified: "It is absurd to suppose that such could have been the real intention of the Legislature. It is manifest that in such a case a rigid interpretation and enforcement of section 1 of chapter 56 of the Acts of 1875, according to its letter would conflict with section 15 of chap-

ter 131 of our Code and do violence to rights which we cannot for a moment suppose it was the purpose of the Legislature to disturb or impair." My conclusion therefore is, that despite its broad and imperative language section 1 of chapter 56 of the Acts of 1875 did not confer on the county court the power to remove any cases, which had been tried by a jury in the county court, while a motion for a new trial was pending in that court.

As showing the absurdity of construing this act for the removal of cases literally and applying it to a case, in which there had been a trial by jury and a motion for a new trial was pending, we may put the case where the verdict of the jury had been for the defendant, and it was palpably and directly in violation of all the evidence in the case, so that it was certain, that on the motion of the plaintiff a new trial would be instantly granted by the county court, and the plaintiff asks such new trial only on the ground that the verdict is contrary to the evidence, the defendant could, if this section 1 of chapter 56 of the Acts of 1875 was construed literally, move the court, if the case had been pending more than a year in the county court, to remove case to the circuit court and thus effectually defeat the plaintiff from ever having another trial of the case. To do so he would only have to move the county court for an order removing the case to the circuit court, and interpreted literally this act would require the county court to make such order, and, as we have seen, the circuit court would not have the power to grant a new trial in the case, as it had not been tried by a jury in that court. Or if it were even possible to consider, that the circuit court had the power in any case tried in the county court to grant a new trial, yet, it is obvious, it could not grant such new trial in the case we have supposed; for the only ground, on which the motion was based, was that the verdict was contrary to the evidence, and the circuit court could not in such case by any possibility know, whether the verdict was or was not contrary to the evidence, as it would necessarily be utterly ignorant of what the evidence before the jury in the county court was. This evidence could not be certified by the county court in such case; for the evidence could be certified and made a part of the record only

after the court had refused to grant a new trial or had
granted a new trial and a bill of exceptions was taken to its
action.   But in the case we have supposed the county court
had not been allowed to act on the motion for a new trial,
and therefore having taken no action on the subject, no
bill of exceptions could be taken to its action, and no oppor-
tunity afforded to the county court to certify the evidence;
and therefore, even if the circuit court on such removal had the
power to grant a new trial, it could not possibly do so, be-
cause being utterly ignorant of the evidence it could not
determine, that the verdict was contrary to the evidence,
though in fact it might have been palpably contrary to all
the evidence and obviously the result of prejudice or cor-
ruption.

This outrage on justice could only be prevented by de-
clining to give a literal interpretation to this act for removing
causes, or by considering, as we do, that it has no applica-
tion to a case, where the motion to remove the case is made
pending a motion for a new trial.

My conclusion therefore is, that the circuit court in this
case erred in the order it made on the 27th day of May, 1878,
in ordering this case to be then docketed in said court, as
the county court had no authority to order the removal of
the case at the time it made its order of removal.   But having
committed this error the circuit court should have corrected
the same by an order remanding the case to the county court
instead of acting on the motion for a new trial and entering
up a judgment for the defendant, as it did, on the 28th day
of December, 1879.

It remains to consider what order this Court should now
make.   If the county court of Kanawha had now any juris-
diction to try such a case, as it did have prior to the amend-
ment of our own Constitution, which went into effect on the
12th day of October, 1880, we would reverse this final judg-
ment of the circuit court of Kanawha rendered on the 18th
day of December, 1879, and make such order as the circuit
court of Kanawha should have made, that is, remand the
case to the county court of Kanawha, in which the case then
properly was, as the order of that court of March 6, 1878,
removing the case to the circuit court was void, it having no

authority then to enter such order. But of course such an order cannot now be made by this Court, as by this amendment of our Constitution the county court of Kanawha has now no jurisdiction to try any civil suit. See article 8 section 24 Acts of 1883. As this was legally pending in the county court of Kanawha on the 12th day of October, 1880, when this amendment of our Constitution took effect, it was instantly by said amendment transferred to the circuit court of Kanawha; the circuit court of Kanawha ought then to have ordered this case to have been docketed in that court. In other words it should then have made the order, which it improperly made on May 28, 1878, when it had no jurisdiction to take cognizance of this case. This is expressly provided by said amendment. The words are: "All such actions, suits and proceedings so pending as aforesaid (*i. e.* pending in county courts on October 12, 1880,) shall be docketed, proceeded in, tried, heard and determined in all respects by the circuit court, as if said suits and proceedings had originated in said court."

This order having been made, the circuit court of Kanawha would have by the express words of our Constitution "proceeded in the case in all respects as if the suit had originated in said circuit court;" and of course it would have had a right to consider and determine the motion for a new trial, just as if it had been a case originating in and then pending in the circuit court. This provision of our Constitution confers then an authority on the circuit courts in such cases to grant new trials, though it was not "the court, before which the trial by jury was had;" and it thus modified section 15 of chapter 151 of our Code.

It remains therefore for us now after reversing what the circuit court of Kanawha has improperly done to enter such order as it should have entered. Without then considering at all the merits of a motion for a new trial, which we cannot do, till it has been rightfully acted upon and considered by the court below, we must reverse, set aside and annul all the orders of the circuit court of Kanawha, which have been made heretofore, including the order docketing this case in that court on May 27, 1878, and the final judgment of that court entered December 18, 1879, which must be reversed;

and the plaintiffs in error must recover of the defendant in error their costs in this Court expended; and this Court proceeding now to enter such order, as the circuit court should have entered after the amendment of our Constitution went into effect on October 12, 1880, doth order that said case be remanded to the circuit court of Kanawha and be there docketed; and the said circuit court of Kanawha is instructed now to hear and determine said motion for a new trial made by the plaintiffs and otherwise proceeded with said case precisely as if it had originated in said circuit court of Kanawha, and in accordance with the principles laid down in this opinion, and further according to the principles governing courts of law.

THE OTHER JUDGES CONCURRED.

JUDGMENT REVERSED.    CAUSE REMANDED.