# CHARLESTOWN.

JOHN SOMMERVILLE *v.* Z. G. SOMMERVILLE *et al.*

Submitted September 10, 1885.—Decided September 19, 1885.

1. In a suit to subject lands descended to the heir to the payment of the debts of the ancestor the personal representative of the ancestor is a necessary party. (p. 485.)

2. It is generally erroneous to decree sale of land, in which a widow is entitled to dower, to pay liens or debts against it without first assigning the widow her dower therein. (p. 485.)

The facts of the case are stated in the preceding case.

*R. S. Blair* for appellants.

*T. E. Davis* for appellee.

JOHNSON, PRESIDENT:

John Sommerville filed his bill in January, 1884, in the circuit court of Ritchie county, against Zetta G. Sommerville and Allena Sommerville, infants and heirs at law of John A. Sommerville, deceased, and Martha A. Davis and Clinton Davis, her husband, and set up the facts contained in the statement of the foregoing case with regard to the enforcement of his vendor's lien against a tract of seventy-one acres of land by him sold to John A. Sommerville in his lifetime, and claimed that by virtue of a personal decree in said former suit for $221.00 balance of the purchase-money after a sale of the land he had a lien against a certain tract of 62¼ acres of land descended to said infant defendants, heirs at law of said John A. Sommerville, deceased, subject to the dower of defendant, Martha F. Davis, who was the widow of said John A. Sommerville. He alleged, that the estate was indebted to him in that sum with interest, and prayed that said 62¼ acres be sold to satisfy the debt of the ancestor of said infant defendants. The administrator was not made a defendant to the suit. The bill alleged that Sommerville's personal estate was not sufficient to satisfy plaintiff's demand. It was not charged, that he had no personal estate. The bill was demurred to, and the demurrer was overruled. The infant defendants by guardian *ad litem* answered the bill.

On November 4, 1884, the cause was heard, and the court ascertained, that the plaintiff was entitled to receive of the defendants, the infant heirs of John A. Sommerville, deceased, $221.00, with interest from November 18, 1881, the amount ascertained by a decree in the former suit rendered on that day, and that said 62¼ acres of land were liable to be sold to pay the same.  The court also decreed, that unless the said sum was paid within thirty days, a commissioner appointed by said decree should sell the said land for the payment of said debt.  From this decree the defendants, Zetta and Allena Sommerville, and Martha Davis and Clinton Davis appealed.  The bill exhibits the record in the foregoing case and claims, that there was in that cause a personal decree rendered against the heirs for $221.00, balance of debt of their ancestor.  There is no such personal decree; the first of the decrees amounts to no more than an ascertainment of the amount of the debt due; no execution could issue thereon.  The bill sets up the debt ascertained in the former suit, to which the heirs were parties, and alleges that a certain tract of 62¼ acres of land descended from said debtor to said heirs.

The suit proceeds upon the wrong principle, that the plaintiff had a lien against the land by virtue of a personal decree against the heirs for the debt of the ancestor.  There is no doubt, that land descended to the heir is liable for the debts of the ancestor; and the bill in this case must be regarded sufficient, if true, to charge the land descended to the heirs with the ancestor's debt.  (*Rex* v. *Creel,* 22 W. Va. 373.)  But before the land descended to the heirs can be charged with the debts of the ancestor, the personal property belonging to the estate of the ancestor must first be applied.  The administrator was a necessary party to this suit; and for that reason the decree must be reversed.  From the bill it is clear, that Martha F. Davis was entitled to dower in the 62¼ acres, and the court clearly erred in decreeing a sale without assigning the same.  (*Laidley* v. *Kline's Administrator,* 8 W. Va. 229; *Underwood* v. *Underwood,* 22 W. Va. 228.)

The decree must be reversed and the cause remanded with leave to amend the bill by making the administrator of John A. Sommerville's estate a party-defendant.

REVERSED.   REMANDED.