# CHARLESTON.

FLAHERTY *v.* STEPHENSON *et al.*

Submitted June 9, 1904—Decided November 15, 1904.

1. **LIFE TENANCY—*Subject to Payment of Debts.***

   A provision in a will creating a life tenancy in the following language, to-wit: "I give and bequeath to my son, James, for life after the death of his mother, all that part of Oakland that lies north of the Northwestern road containing one hundred and elven acres, more or less, reversion of the same in fee to his children, but the express condition of this bequest is upon the penalty of forfeiture, that the said land is not at any time to be subject to any liens or incumbrances of any kind by the reversioners. I trust that the devisees of this property will not permit the land with the residence to go out of the family," does not relieve such life tenancy from the payment of the life tenant's debts. (p. 193).

2. **DEBTOR—*Deed for Self-Benefit Voidable as to Existing Creditors.***

   A deed conveying property in consideration of the support of the grantor and his family is voidable at the instance of existing creditors. (p. 193).

3. **GRANTEE IN VOIDABLE DEED—*Individual Liability.***

   The grantee in such voidable deed is not personally liable for the grantor's existing debts, nor for the rent, issues and profits of the property, until the same have been sequestered. (p. 194).

Appeal from Circuit Court, Wood County.

Bill by W. P. Flaherty against J. H. Stephenson and E. G. Stephenson. Decree for plaintiff, and defendant E. G. Stephenson appeals.

*Affirmed.*

J. S. WADE, T. C. BULLOCK and J. S. JOHNSON, for appellant.

SMITH D. TURNER, for appellee.

DENT, JUDGE:

E. G. Stephenson appeals from a decree of the circuit court of Wood county subjecting the life estate of his father, J. M.

Stephenson, in a certain tract of one hundred and eleven acres to the payment of the debts of M. Campbell, plaintiff, now deceased. Such life estate having been conveyed to appellant by his father after the contraction of such indebtedness, for the nominal consideration of five dollars and the future support of himself and family. By this appeal, three propositions are presented:

1. Does the provision of the will creating the life estate operate to prevent the same from being subject to the payment of the life tenant's debts? It is in these words: "I give and bequeath to my son, James, for life after the death of his mother, all that part of Oakland that lies North of the Northwestern road containing one hundred and eleven acres, more or less, reversion of the same in fee to his children, but the express condition of this bequest is upon the penalty of forfeiture, that the said land is not at any time to be subject to any liens or incumberances of any kind by the reversioners. I trust that the devisees of this property will not permit the land with the residence to go out of the family." The object of this provision was undoubtedly to take away from the devisees the power of encumbering the fee of the land by liens of any kind, but it is not broad enough to prevent the life tenant's interest therein from being subject to the payment of his debts against his will. Nor is the life tenant thereby forbidden to sell or dispose of his interest in any manner he may see fit. The use of the words reversion and reversioners plainly refer to the remainder in fee and not to the life tenancy. The life tenant's control and disposal is in no wise limited. Hence it is liable to the payment of his debts. *McClure v. Cook*, 39 W. Va. 579; *Gournsey v. Lazier*, 51 W. Va. 328 (41 S. E. 408); *Hughes v. Hamilton*, 19 W. Va. 389; *Maxwell v. Hutchinson*, (Va.) 40 S. E. 655; 2 Am. & Eng. Dec. Eq. 633.

2. Is the deed from J. M. Stephenson to E. G. Stephenson, his son, void as to the existing debt of the grantor? This question is answered in the affirmative by the case of *Hanna v. Bank*, 53 W. Va. 82, (46 S. E. 920.) The consideration mentioned in the deed is as follows: "For and in consideration of five dollars paid by the party of the second part to the party of the first part the receipt of which is hereby acknowledged and for the further consideration that the party of the second part shall support the

party of the first part and his family furnishing to them proper clothing and provisions during the natural life of the party of the first part." This, while it is a valuable consideration as between the parties is a conveyance of the property for the use and benefit of the grantor himself and as to existing creditors renders the deed void. The law permits no debtor to secure his estate to himself or family at the expense of his existing creditors. It treats all such conveyances as void at the instance of such creditors as being without proper legal consideration in so far as their debts are concerned.

3. Should there be any personal decree against the grantee in such deed as a participator in the fraud of the grantor? While the conveyance is void as to existing debts, it is good between the parties, and until it is avoided, it is valid, and the grantee is entitled to the benefit thereof, as fully as the grantor would have been had the deed not been made. Hence the grantee is entitled to the rents and profits of the life estate until they are sequestrated by a court of chancery, and they are not liable in his hands to the creditors of the grantor, and no personal decree can be had against him by reason thereof, until such sequestration takes place. The grantee is not guilty of fraud in receiving the same but they are legally his property until the creditors have subjected the life estate to the payment of the life tenant's debts. It would be therefore improper to render a personal decree against the grantee for any such rents and profits prior to their sequestration.

There is no error in the decree of the circuit court and it is affirmed.

*Affirmed.*