# CHARLESTON

## METZ v. PATTON.

Submitted June 15, 1907.    Decided February 4, 1908.

1. FRAUDULENT CONVEYANCES— *Consideration.*

   A deed conveying land, expressing a consideration of future support of grantor, is *prima facia* void, as far as rights of existing creditors of grantor are concerned, and, to sustain it as against such creditors, it is incumbent on grantee to show that grantor reserved sufficient property to pay his existing debts. (p. 441.)

2. SAME— *Remedies of Creditors—Attachment.*

   As against rights of existing creditors of grantor in such deed, no title vests thereby in grantee; and such creditors may proceed, upon proper ground, by process of attachment, against the land conveyed,

levying on it as grantor's property, and a purchaser at judicial sale under such attachment proceedings may obtain a perfect legal title to land so attached and sold.  (p. 442.)

3.  SAME—*Burden of Proof—Solvency of Grantor.*

In an action of ejectment, by grantee in such deed, to recover the land from a purchaser at judicial sale under attachment proceedings as aforesaid, the grantee cannot, by the deed, show title in himself against such purchaser, without proof that grantor reserved sufficient property to pay his existing debts.  (p. 443.)

Error to Circuit Court, Hancock County.

Action by Hannah Jane Metz against Samuel Patton. Judgment for plaintiff, and defendant brings error.

*Reversed.*

J. R. DONEHOO, for plaintiff in error.

J. A. McKENZIE and E. A. HART, for defendant in error.

ROBINSON, JUDGE:

This controversy, between one daughter and the husband of another, as to which shall become possessor of the small estate of the old father, for his maintenance, notwithstanding that he, after all, died in a poor house in an adjoining state, does not demand extended consideration from a legal stand point but may be well worthy as a text for those preaching a closer adherence to the golden precepts of the beatitudes.

A lot of ground was conveyed to plaintiff by her father, on October 31, 1901, and the deed was duly recorded next day. In form, it was an absolute grant, with general warranty, and recited a consideration of one dollar and her agreement "to support, maintain, care for, attend to, and pay the doctor's bills and funeral expenses" of grantor "during the remainder of his life at her house." Thereafter, defendant herein, son-in-law of grantor, instituted an action against him for the recovery of an alleged account for his maintenance prior to such conveyance, and attachment issued therein, and was levied on said lot on November 13, 1901. In the attachment suit, such proceedings were had that the lot was sold, and purchased by plaintiff in that action, defendant herein, on February 22, 1904, to which proceedings this plaintiff was not a party, and had no notice thereof, she being

a non-resident. After conveying to his daughter, as afore-
said, it seems that grantor remained with her for more than
a year, and, upon some disagreement, left. At that time they
adjusted affairs by a paper writing, signed by them, dated
November 25, 1902, stipulating that the rent of the said prop-
erty should be paid to him during his natural life, and that
the agreemant for his maintenance, as aforesaid, "be null and
void." Such writing expressly referred to said property as
"now owned by" the plaintiff herein. Defendant claiming
title to the lot, pursuant to his said purchase, plaintiff insti-
tuted this action of ejectment against him for the recovery of
the same. The court heard the case in lieu of a jury, found
for the plaintiff, and, motion to set aside such finding and
grant a new trial being denied, defendant excepted, judgment
followed, and this writ of error was obtained.

The gist of the contention of the defendant is that such
deed, being in consideration of support and maintenance, with
a latter arrangement whereby grantor retained use of the
property, is void as against creditors of grantor, to
which class he belongs, and that, therefore, his purchase in
the attachment proceedings gives him a title superior to that
of plaintiff.

Conveyances on a consideration of future support, as the
one made by the plaintiff, have heretofore had consideration
by this Court, in their relation to creditors of grantor, and the
legal status of such transfers has thereby been defined. As
to such creditors, no title passes by a deed of this character;
it is *prima facia* a nullity, and cannot be sustained unless it
is shown that grantor retained a sufficient amount of property
to satisfy his debts. *Hanna* v. *Charleston Nat. Bank*, 55
W. Va. 185; *Flaherty* v. *Stephenson*, 56 W. Va. 192. The
law does not permit one indebted to put his property beyond
reach of creditors, and at the same time enjoy the benefit
thereof. That which was said in the case first cited
above applies fittingly in the case before us: "In the present
case on the face of the deed itself the future support is made
a part of the consideration thereof and it is rendered thereby
*prima facia* void as a matter of law. This can only be
overcome by the grantee showing that grantor reserved a
sufficient amount of property to pay all his existing debts."

In contemplation of law, such deed as that upon which

plaintiff rests her case is fraudulent as to creditors, no matter how good the intentions of the parties to it may have been. If the grantor has debts and does not reserve property sufficient to satisfy the same, the deed has the effect of hindering, delaying and defrauding his creditors, and this renders it void. *Hanna* v. *Bank, supra.* And where legal title to property has once vested in a debtor, as far as his creditors are concerned, the law does not consider him to have been divested of it by such conveyance, and a creditor of grantor may conduct himself and treat the property thus conveyed as if the deed had never existed. He may proceed against it as the property of the grantor, by process of attachment, or other proper remedy. "As said by Chief Justice Kent, in *Sands* v. *Codwise,* 4 Johns. 536: "A fraudulent conveyance is no conveyance against the interest intended to be defrauded. This is the plain language and intelligent sense of the rule of the common law." And an eminent author, reviewing the subject, says: "An impression to some extent prevails when a transfer has been made for the purpose of defrauding the creditors of the fraudulent vendor, that the legal title passes to the vendee as against such creditors, and that in any proceeding to reach the property thus transferred and subject it to the payment of their debts, they must, by their pleadings, allege the facts upon which they claim to be entitled to relief, or, in other words, that they must, in some mode, set aside the fraudulent transfer or enjoin the transferee from claiming under it. This, as we have already indicated, is erroneous. As against the creditors of the fraudulent transferror, the legal title remains in him, and they may, under execution, levy upon the property thus transferred to the same extent as if it still belonged to him. The judgment creditor may, it is true, proceed in equity and there obtain relief by annulling the fraudulent transfer or enjoining the fraudulent transferee from claiming under it; but he is not obliged to resort to this proceeding. If he proceeds to sell the property levied on, the purchaser at such sale obtains a perfect legal as well as equitable title." Freeman on Executions, section 136.

In view of the foregoing, in this action the burden was upon the plaintiff to clear her title of the brand of invalidity which the law placed upon it, in its relation to defendant.

Since defendant showed, by the introduction of the record in the attachment suit, that he stood as creditor of grantor at the time of the conveyance, the duty devolved on the plaintiff to purge the title of the stigma thereby cast upon it. This she did not do, and her title stands as void so far as the rights of such creditor and purchaser are concerned. Plaintiff's deed being void at law, and title remaining in her grantor so far as the rights of his creditors were concerned, the levy on the lot, as grantor's property, of the attachment issued against him, was regular and effective. The validity of such proceedings and defendant's purchase thereunder have not been overthrown, as it was plaintiff's opportunity to do in the trial of this case. It was incumbent on her to show that the deed to her was in fact not void because grantor either had no debts or else reserved sufficient property to satisfy his debts; that, therefore, title passed by the deed to her; and that the levy of the attachment could not have affected title to the lot.

The deed upon which plaintiff seeks to recover being void in law as to defendant, she cannot recover as against him. The judgment is, therefore, reversed, and it is considered that plaintiff take nothing by her suit; that the same be dismissed; that the defendant go without day; and that the defendant recover of and from the plaintiff his costs about his defense in this case expended.

*Reversed.*