# CHARLESTON.

SHURTLEFF v. RIGHT, ADM'R, et al.

Submitted September 9, 1909.    Decided December 21, 1909.

1. EXECUTORS AND ADMINISTRATORS—*Suit Against Administrator— Discovery of Assets—Creditor's Right to Sue.*

A creditor may maintain a bill against an administrator and the widow and heirs of a decedent, for discovery of assets, settlement of the administration accounts, and in default of personal assets, to subject to the payment of his debt land conveyed by decedent in his life time to children, in consideration of love and affection, maintenance and support, and at the death of the surviving grantor to pay stipulated sums to other heirs. (p. 583).

2.   PLEADING—*Denial—Form—Effect.*

   Where such bill charges the making, execution and delivery by decedent to plaintiff of the note sued on, non-payment of the principal and interest thereof, and that the same remains wholly due and unpaid, the answer of defendants that said allegation may be true, though not admitted by them to be true, and that it may also be true as alleged that no part of said note or interest has been paid, but calling for full proof, does not within the meaning of section 3856, Code 1906, amount to a denial calling for further proof by plaintiff of the allegations of his bill.   (p. 585).

3.   FRAUDULENT CONVEYANCES—*Consideration—Future Support of Grantor—Burden of Proof.*

   Point 1 of the syllabus in *Metz* v. *Patton,* 63 W. Va. 439, re-affirmed.   (p. 586).

Appeal from Circuit Court, Barbour County.

Bill by W. S. Shurtleff against F. M. Right, as administrator, etc., and others.   Judgment for plaintiff, and defendants appeal.

*Affirmed.*

*Wm. T. George* and *W. B. Kittle,* for appellants.

*W. T. Ice, Jr.,* for appellee.

MILLER, PRESIDENT:

The bill in this case, filed by a general creditor, is in effect and purpose a bill for discovery of assets and an accounting by administrators who have returned no inventories of assets or made settlements of their fiduciary accounts, and, if personal assets are found insufficient, to subject to the payment of plaintiff's debt land conveyed by one of the decedent debtors and his wife to five of their children, in consideration of love and affection, maintenance and support, and on the death of the surviving grantor, payment of certain stipulated sums to heirs. *Poling v. Huffman,* 39 W. Va. 320.

The bill among other things alleges that prior to the death of decedents, W. J. Right and A. Right, they executed to plaintiff their joint and several note, dated March 1, 1898, payable one day after date, for the sum of $176.00; that said note was given for a valuable consideration, and that the signatures of the makers thereto were genuine; and a copy of the note is

filed and exhibited with the bill. The bill also charges that no part of the principal or interest of said note has been paid by the makers, or either of them, or by their administrators, and that the whole thereof, with its accrued interest, remains unpaid, and due and payable.

The only answer of defendants to these allegations of the bill is that, "It may be true as alleged in the bill of the plaintiff, but not admitted to be so by respondents, that W. J. Right and A. Right on March 1st, 1898, executed to the plaintiff a note for $176.00 with interest thereon, and it may be true as alleged in the bill that a true copy of said note is filed with the bill but all of which respondents demand full proof from the plaintiff. It may also be true as alleged in the bill of the plaintiff that no part of the said note, or the interest thereon, has ever been paid by A. Right and W. J. Right, or by any other persons to the plaintiff, but of these facts respondents call for full proof." This answer does not amount to a specific denial. It does not admit or deny that respondents have any knowledge, information or belief on the subject, as good pleading requires; and the answer contains no general denial. True there is a call for full proof, but this is not enough. If there had been a general denial, and call for proof, if not excepted to, the answer would have been sufficient under our decisions to put the plaintiff on proof. *George* v. *Crim,* 66 W. Va. 421 (66 S. E. 526) decided at the present term, and other cases cited.

On these pleadings the cause was referred to a commissioner who, upon the papers in the cause and the evidence taken by him, reported on the questions referred to him, among others: First, that the decedent, W. J. Right, left no real or personal estate; second, that decedent A. Right left personal estate which came into the hands of his administrator, amounting to $729.30; and after paying the widow, $200.00 exempted by her, there was left for distribution among creditors, $529.30, all of which had been paid to creditors other than plaintiff, leaving his debt, amounting with interest to January 5, 1909, $291.84, wholly unpaid; third, that at the time of the execution of said note decedent, A. Right, owned 640 acres of land, out of which, by deed of May 19, 1903, he and his wife conveyed 540 acres to the defendants, I. F. Right, W. W. Right, G. M. Right, Sr.,

F. M. Right, and C. C. Right, a copy of which deed is exhibited with the bill. This deed shows that it was made in consideration of natural love and affection, support and maintenance of the grantors during their natural lives and so long as either of them should live, including proper medical attention and care, proper burial after death, and in the further consideration of the payment after the death of the surviving grantor of specific sums to other persons. Said deed also recites the fact that the land thereby conveyed constituted all the land owned by the said A. Right, except about 100 acres thereof, conveyed the same day by said grantors to Lafayette Right and others.

Upon this report and the several exceptions of the plaintiff and F. M. Right, administrator, thereto, the court below pronounced the decree appealed from; adjudging that the plaintiff recover of F. M. Right, administrator of A. Right, to be paid out of the personal estate of decedent, the sum of $290.52, the aggregate of principal and interest of said note as of January 5, 1909, which sum was by said decree declared to be a lien and charge upon the said 540 acres of land; and, it appearing that the annual value of the land was $500.00, and sufficient to pay said debt in five years, it was further decreed that in default of payment of said debt by the said F. M. Right, administrator, or by the said I. F. Right, and others, grantees in said deed, within sixty days, the commissioner thereby appointed should take charge of said land, or so much thereof as might be necessary, and rent the same at public auction at the front door of the court house to the highest bidder for sufficient cash in hand to pay the said debt, interest and cost.

The first question presented for decision is whether the proof upon which the commissioner reported and the court decreed said debt was sufficient. The evidence upon which the report and decree were based consisted of the allegations of the bill, not denied by the answer, and the testimony of F. O. Blue, attorney, taken before the commissioner, to the effect that the plaintiff, about May 12, 1905, had placed said note in his hands for collection, signed and sealed by both decedents, and a letter, of which he filed a copy, written by him to F. M. Right, administrator, demanding payment thereof, and that he had subsequently had a conversation with said administrator about the

payment of said note, and still later had had a telephone communication with him in which he had indicated he would not pay the note. Was this evidence sufficient? We think it was, but why the note, the best evidence of the debt, was not put in evidence is difficult to comprehend. Section 3856, Code 1906, provides "every material allegation of the bill not controverted by an answer, * * * shall for the purposes of the suit, be taken as true, and no proof thereof required." Under this section all allegations not denied are taken as true. *Grant* v. *Cumberland Valley Cement Co.,* 58 W. Va. 162.

Another point made is that the debt decreed should have been credited with $143.81, its ratable share of the personal estate of A. Right, and also with about $50.00, as excess paid plaintiff by the administrator on another note. We see little force in these points. The commissioner reports a deficiency of personal assets to pay all the debts. Plaintiff's debt was not paid. The fact that plaintiff was not paid his *pro rata* share of the personal estate, or was paid more than his share on some other debt cannot effect his right to charge the real assets with payment of his unpaid debt. The statute gives him that right.

The next question is whether the 540 acres of land is chargeable with the plaintiff's debt? The last pronouncement of this Court on this question is, that a deed conveying land in consideration of the future support of the grantors, is *prima facie* void as against existing creditors, and to sustain it as against such creditors the grantee must show that the grantor reserved sufficient property to pay his existing debts. *Metz* v. *Patton,* 63 W. Va. 439. At page 442 of this case it is said: "And where legal title to property has once vested in a debtor, as far as his creditors are concerned, the law does not consider him to have been divested of it by such conveyance, and a creditor of grantor may conduct himself and treat the property thus conveyed as if the deed had never existed. He may proceed against it as the property of the grantor, by process of attachment, or other proper remedy." But it is suggested that the commissioner's report shows that A. Right at the time of the execution of this note owned 640 acres of land and conveyed only 540 acres, the remainder being more than sufficient in value to have paid off and discharged plaintiff's debt. But the deed to the

grantees for the 540 acres also recites that this hundred acres was on the same day conveyed to Lafayette Right and others, and the report of the commissioner shows deficiency of personal assets. The burden and duty was upon defendants to show in defense sufficient personal or real assets retained by the grantors at the time of the grant to pay existing debts.

Counsel say this was not a suit to set aside the deed for fraud, and impliedly say that the rule of *Metz* v. *Patton,* and the other cases, do not apply. The law renders such deed fraudulent in law as against existing creditors, and by the decisions cited the creditors may treat the conveyance as if it had no existence.

Another point made is that it was error to decree plaintiff's debt a lien on the land. Strictly speaking it was not a lien; but the law makes it a charge upon the land. The decree pronounces it a lien and charge. In effect they are the same as between debtor and creditor.

We see no substantial error in the decree, and are of opinion that it should be affirmed, and it will be so ordered.

*Affirmed.*