# ·CHARLESTON.

PRICE *et al v.* LAING, ADM'R.

Decided April 26, 1910.

1. EXECUTORS AND ADMINISTRATORS—*Rights of General Creditor—*
   *Bill Against Executor.*

   A general creditor of a deceased person cannot maintain a
   bill in equity against the personal representative, to charge, in
   his hands, the personal estate only, without showing some
   ground of equity jurisdiction, such as inadequacy of the legal
   remedies, inability to obtain satisfaction of his debt by pursuit
   thereof to judgment and execution, or necessity for discovery.

2. SAME—*Failure to File Inventory—Bill for Discovery.*

   Mere failure of a personal representative to return an invent-
   ory of the personal estate within the time in which the law
   requires him to do so, will not sustain a bill for discovery and
   relief in such case. Such a bill must comply with the rule, re-
   quiring a showing of necessity for the discovery, due to indis-
   pensability of the evidence sought and inability to obtain it
   otherwise than by discovery.

Appeal from Circuit Court, Greenbrier County.

Bill by S. L. Price and others against Thomas K. Laing,
administrator. Decree for defendant, and plaintiffs appeal.

*Affirmed.*

*Henry Gilmer* and *J. A. Preston,* for appellants.

*T. K. Laing* and *File & File,* for appellees.

POFFENBARGER, JUDGE:

S. Lewis Price and others filed their bill in the circuit court
. of Greenbrier county, against Thomas K. Laing, administrator
with the will annexed of the estate of James Laing, deceased,
to recover a minimum royalty or rental accruing to them under
a lease of coal lands, made to the said James Laing in his life
time and dated Jan. 10, 1906. The amounts claimed are
$750.00, with interest from Jan. 1, 1908, $1,000.00, with interest
from · April 1, 1908, and $1,000.00 with interest from
July 1, 1908. Liability to rentals to accrue in the future

under the lease is also set up. The only fact alleged as a special ground for jurisdiction in equity is the failure of the administrator to return any appraisement or inventory of the estate of his testator, within the time in which he is required by law to do so, with the additional charge that the plaintiffs do not know what assets came, or should have come, to his hands, applicable to the payment of the testator's debts. The court having sustained a demurrer to the bill and dismissed it, an appeal has been taken.

It is earnestly insisted, upon the authority of *Poling* v. *Huffman,* 39 W. Va. 320, and *Hale* v. *White,* 47 W. Va. 700, that the failure of an administrator to file an inventory, render an account of sales or make the settlements required by law, or any other omission of duty on his part, gives a creditor a right to sue him in equity, on the theory of a trust, disregarded or abused, for satisfaction of his debt out of the personal estate. The first of said cases was brought by a creditor, within six months from the date of the appointment of the administrator, and the question for actual decision was, whether the right of the administrator, given by statute, to institute a suit to subject the real estate of his decedent to the payment of his debts, in the event of a deficiency of personal estate to pay them, is exclusive during that period of six months. In discussing that question, Judge DENT undertook to state briefly the ancient remedies of a creditor of a decedent's estate. In this connection, he said such a creditor might maintain a separate bill in chancery to compel payment of his individual debt out of the funds in the hands of the personal representative; a bill on behalf of himself and other creditors to ascertain and distribute both the real and personal estate; or a bill of discovery against the personal or real representatives of the estate, to discover the assets liable to the payment of his debts. For the first proposition, he cited no Virginia or West Virginia authority. For the last one, he cited Virginia decisions. None of this was matter of actual decision, except the second proposition above stated. That is settled doctrine, for which no authority need be cited. The real estate can be proceeded against only in equity. In *Hale* v. *White,* the effort was to charge the administrator by a bill in equity in respect to personal property only. There, Judge DENT had occasion to review and accurately define what he meant

by the statement made in *Poling* v. *Huffman;* and his con-
clusion was that equity has no jurisdiction of such a case, unless
some special ground therefor, such as necessity for discovery or
the existence of an equitable demand, is shown. Point 1 of the
syllabus emphatically declares this, saying: "A general creditor
of a deceased person cannot sustain a bill in equity on a purely
legal demand unless he shows that he has exhausted his legal
remedy, or that such remedy, for some good cause, would be
inadequate or unavailing."

It is suggested in the opinion in that case, that failure to
return an inventory may confer such jurisdiction on the ground
of discovery, but this is necessarily an *obiter dictum,* as such
failure of duty was not disclosed by the bill. To lack of necessity
for decision of such a question, we may attribute the indefinite-
ness of the terms in which the suggestion is couched. It is not
tested by, nor analyzed in the light of, the rules, applicable to
bills for discovery and relief, and there is added the signficant
qualification, "and the creditor is thus prevented from knowing
the true condition of the estate." Taken all together, we think
the opinion, as well as the syllabus, declares the bill must make
out a case for discovery as ground for relief, or set up some other
equity. Lack of an inventory does not necessarily deprive the
creditor of information, enabling him to determine whether there
are sufficient assets in the hands of the personal representative
to satisfy his debt. He may know all about the condition of the
estate, notwithstanding such omission of duty, or enough to
make certain his ability to obtain satisfaction of his debt by
pursuit of the legal remedies, and that is all the interest he has
in the estate. Such knowledge suffices his purposes and de-
mands fully. The exact condition of the estate is a matter
of no importance to him, if he has sufficient knowledge to
enable him to collect his debt, that being the full extent of
his interest in the estate. Moreover, if it were, he may be
abundantly able to prove the exact condition of the estate by
competent witnesses, other than the defendant. A bill for
discovery and relief must show indispensability of the informa-
tion sought from the defendant and inability to obtain it
otherwise than by discovery. *Prewett* v. *Bank,* 66 W. Va. 184
(66 S. E. 231); *Dudley* v. *Niswander & Co.,* 65 W. Va. 461;
*Thompson* v. *Whittaker Iron Works,* 41 W. Va. 574.

Some authority from other jurisdictions for the position that a single creditor may sue the personal representative in equity for satisfaction of his debt, without showing any special ground of equity jurisdiction, upon the theory of right to an accounting from the personal representative as a trustee, or right to go into equity to enforce the due administration of a trust, is cited and insisted upon as being founded upon reason and sound principle. There are many instances, no doubt, in which the trust relation suffices to give jurisdiction in equity, but we are unable to see that the application of this principle is broad enough to cover a case of this kind. In law, the personal representative is not the agent of the creditor. There is no relation of express or direct contract between them, upon which a special duty to render an account can stand. Their relation is that of debtor and creditor, which makes the legal remedies applicable and available. While the personal representative is, in a sense, a trustee, his trust is created, not by contract, but by law. It is not a simple ordinary trust, such as falls exclusively within the equity jurisdiction. Moreover, practically all the authorities relied upon found the jurisdiction upon a right to a discovery of assets, or to subject the real estate of the decedent in the hands of the heirs. The leading case in this country is *Thompson* v. *Brown,* 4 Johns. Ch. (N. Y.) 619. The bill in that case averred the necessity of discovery. The same is true of the bill in *Kennedy* v. *Creswell,* 101 U. S. 641. Most of the Virginia cases relied upon were bills to charge the real estate, as well as to administer the personal estate, on the theory of a deficiency of personal property. *Rice* v. *Hartman,* 84 Va. 251; *Hurn* v. *Kellar,* 79 Va. 415; *Carter* v. *Hampton's Admr.,* 77 Va. 631; *Duerson's Admr.* v. *Alsop,* 27 Grat. 229. An exception to this rule, and authority for the position taken in the brief, may be found in *Beverly* v. *Rhodes,* 86 Va. 415, but that case is not clear on this point. The opinion is short and does not set forth the pleadings. The heirs seem to have been made parties, importing an attempt to charge the real estate. For all that we can see, the bill may have shown deficiency of personal estate, and necessity of resort to the real estate. Pomeroy's Eq. Jur., section 156, is relied upon and seems to say the right of a creditor of a decedent to go into equity for satisfaction of his debt is never denied,

on the ground of want of jurisdiction, but, if this is the correct reading of the text, it is admitted, in a subsequent part of the section, that "Throughout the great majority of the United States, however, this jurisdiction of equity, even where not expressly abrogated, has become virtually obsolete." Whatever the doctrine may be elsewhere, *Hale* v. *White,* cited, the only decision of this Court, bearing directly on the question, denies such jurisdiction in this state, and a suit in equity, under such circumstances, is contrary to our practice.

Perceiving no error in the decree appealed from, we affirm it.

*Affirmed.*