# CHARLESTON.

### SHEPHERD *v.* CRAIG, ADM'R. ETC.

Submitted March 7, 1911. Decided January 23, 1912.

EQUITY—*Suit Against Executor—Equitable Jurisdiction.*

> The bill by a general creditor against the administrator of a decedent's estate, alleging as the only grounds for equitable relief that decedent died leaving considerable personal estate, more than sufficient to pay plaintiff's debt, that the defendant, the sole heir, has appropriated all the estate of decedent to his own use; that he has sold and conveyed a part of the real estate of which the decedent died seized and possessed, and which prays simply, that provision be made for payment of plaintiff's debt out of said estate, for a reference to a commissioner, for a convention of creditors, and for general relief, is bad on demur-

rer, as showing no sufficient grounds for equity jurisdiction.
(p. 220).

Appeal from Circuit Court, Nicholas County.

Bill by Nellie Shepherd against John H. Craig. Decree for complainant, and defendant appeals.

*Reversed and Remanded.*

*G. G. Duff* and *W. G. Brown,* for appellant.

*Alderson & Breckenridge,* for appellee.

MILLER, JUDGE:

On appeal from a final decree adjudicating the principles of the cause, Craig, administrator and appellant, first, challenges the correctness of the decree below overruling his demurrer to the bill.

The demurrer was a general one; but in the brief of counsel two points are made here: (1) Want of equity, and; (2) Want of parties.

Plaintiff alleges that she is a creditor of the estate of George Craig, deceased, defendant's intestate, to the amount of two hundred and fifty dollars; that defendant, his administrator, who was duly appointed and qualified by giving bond, &c., is also decedent's sole heir. She further alleges that she is not otherwise advised as to the indebtedness of said estate.

The only other grounds for equitable relief alleged are, first, that decedent died leaving considerable personal estate, and more than sufficient to pay plaintiff's said debt, but that defendant has appropriated to his own use all the estate of which decedent died seized or possessed and refuses to pay plaintiff; second, that said decedent, being also seized and possessed of three parcels of real estate or undivided interests therein, defendant since his death had conveyed two of said parcels to certain persons named, but not made parties to the bill.

And the prayer of the bill is that provision be made for payment to plaintiff of her said debts out of the estate of decedent; for a reference to a commissioner to settle the accounts of the administrator; for a convention of creditors, and for general relief.

Is the bill good on demurrer? We think it is not, and that the demurrer should have been sustained. Plaintiff was simply a general creditor, her debt not reduced to judgment, either against decedent in his life time, or against his administrator after his death. There is no allegation that there are other debts; or that defendant, administrator and sole heir, is insolvent; or that he has failed to make and return an inventory of the personal estate; or to settle his fiduciary accounts, or that he has neglected to perform any other duty devolved upon him by law; nor that by appropriating said estate to his own use he has misappropriated the same, except that he has refused to pay plaintiff's claim. If plaintiff has no valid debt it is not only his right but his duty to refuse to pay it. There is no allegation of concealment of assets, or the necessity for discovery, nor any prayer for such relief.

What are the rights of a creditor of a decedent's estate, and when and upon what grounds he may go into a court of equity, and what allegations are necessary to give a court of equity jurisdiction in such cases, have been the subject of numerous prior decisions of this Court, and it is wholly unnecessary to reconsider the points adjudicated or to review those cases. We refer more particularly to *Poling* v. *Huffman,* 39 W. Va. 320, *Hale* v. *White,* 47 W. Va. 700, *McConaughey & Co.* v. *Bennett's Ex'or,* 50 W. Va. 172, 180, *Price* v. *Laing,* 67 W. Va. 373, and *Gooch* v. *Gooch,* 70 W. Va. 38, 73 S. E. 56.

The principle controlling this case was distinctly decided in *Price* v. *Laing,* point 1 of the syllabus, viz: "A general creditor of a deceased person cannot maintain a bill in equity against the personal representative, to charge, in his hands, the personal estate only, without showing some ground of equity jurisdiction, such as inadequacy of the legal remedies, inability to obtain satisfaction of his debt by pursuit thereof to judgment and execution, or necessity for discovery." In *Hale* v. *White, supra,* the third point of the syllabus is: "Where the bill shows that the estate is solvent and the assets superabundant, the mere pretext of the want of discovery will not give equitable jurisdiction against a personal representative who is not shown to have neglected any of the statutory requirements relating to his duties as such representative to the injury of the plain-

tiff." Tested by these decisions the bill is clearly bad, to say nothing of the defect of want of jarties already alluded to.

Our opinion, therefore, is to reverse the decree appealed from, sustain the demurrer to the bill, and to remand the cause to the circuit court, with leave to plaintiff to amend her bill if she can do so in accordance with the principles of the cases cited, in a reasonable time, and if so advised; otherwise to dismiss the bill without prejudice, and it will be so ordered.

*Reversed and Remanded.*