# CHARLESTON.

HUTCHINSON-STEPHENSON HAT CO. V. BAILEY *et al.*

Submitted January 27, 1914.   Decided February 10, 1914.

EXECUTORS AND ADMINISTRATORS—*Rights of General Creditor—Bill Against Representative.*

A general creditor of a deceased debtor can not, without showing distinct grounds of equity cognizance, maintain a bill against the personal representative to charge in his hands the personal estate only.

Appeal from Circuit Court, Wyoming County.

Bill by the Hutchinson-Stephenson Hat Company, which sues, etc., against R. D. Bailey and others.   From decree for plaintiff, defendants appeal.

*Reversed and Remanded.*

*R. D. Bailey,* for appellants.

ROBINSON, JUDGE :

The bill in this cause is bad.   The demurrer should have been sustained.

Plaintiff says that E. E. Stone and L. B. Stone, husband and wife, were partners in the mercantile business as L. B. Stone & Co.; that the wife died intestate and the husband continued the business under the same name until his death, intestate, some time within a year after the death of the wife; that pending this continuation of the business no administrator of the estate of the wife was appointed; that after the death of the wife the husband contracted in the firm name the debt which is the basis of plaintiff's bill; and that all the firm assets remaining at the time of the death of the husband went into the hands of his personal representatives.   The theory of plaintiffs's demand for relief is that its debt is one due from the firm, and that it may call upon a court of equity to have the partnership assets applied to the payment of the firm debts.   It prays that an account of all debts and

liabilities of the firm be taken and the priorities be ascertained and determined. To this end it calls upon the personal representatives of each of the alleged deceased partners to account for and pay on the firm debts the amount and value of all the firm assets which went into their hands.

This state of facts discloses that the debt due plaintiff is the personal obligation of E. E. Stone, the husband. We are not disposed at this time to take up and discuss the question whether a married woman may be a business partner of her husband. Decision of that question is unnecessary. Whether the wife could or could not be such partner, the debt on which plaintiff's bill is based is the individual debt of the husband. For, if she could not legally be the business partner of her husband, a debt contracted by the supposed firm does not bind her. She would have no capacity for contracting in that relation. But it would bind the husband, capable of contracting. On the other hand, if the husband and wife may legally be business partners, the partnership is dissovled at her death, and a debt thereafter contracted in the firm name by the husband in a continuation of the business can not bind her. One partner after the death of the other can not continue the business further than to wind it up. The surviving partner can not, in a general continuation of the business, contract debts binding the estate of the deceased partner. If the surviving partner continues the business after the death of the other partner, debts contracted in the carrying on of that continuation are individual debts of the survivor, whether the creditor has notice of the death of the one partner or not. Lindley on Partnership, 1060; Parsons on Partnership, sec. 351; 30 Cyc. 636; *Dickinson* v. *Dickinson & Co.,* 25 Grat. 321. So in this case the debt due plaintiff is in any event the obligation of the husband. It is a mere individual debt having no relation to partnership assets and having no relation to a right to resort to such assets for its payment.

All this being true, what right has plaintiff, simply a general creditor of a deceased individual, to resort to a court of equity for the collection of his claim? The bill, when the surplusage relating to a partnership and its assets is omitted, does no more than to call upon the personal representatives of the deceased debtor for a settlement of their accounts and

a payment of the debts of the decedent. This alone is not ground of equity cognizance. The bill goes no further than to seek to charge in the hands of the personal representatives the decedent's personal estate only, without showing grounds necessary to equity jurisdiction in that behalf. "A general creditor of a deceased person cannot maintain a bill in equity against the personal representative, to charge, in his hands, the personal estate only, without showing some ground of equity jurisdiction, such as inadequacy of the legal remedies, inability to obtain satisfaction of his debt by pursuit thereof to judgment and execution, or necessity for discovery." *Price* v. *Laing,* 67 W. Va. 373.

Some facts reported by the commissioner indicate that plaintiff may by amendment make a good case in equity. The decree complained of will be reversed, the demurrer to the bill sustained, and the cause remanded with leave to plaintiff to amend its bill if it should be advised so to do.

*Reversed and Remanded.*