# CHARLESTON.

D. L. MOODY, *etc. v.* ALICE A. KEITH *et al.*

(No. 6788)

Submitted November 12, 1930. Decided November 18, 1930.

*B. W. Craddock,* for appellant.
*Harper & Baker,* for appellees.

MAXWELL, JUDGE:

Plaintiff filed his bill in the circuit court of Gilmer County against the executor, heirs and devisees of W. M. Keith, deceased, alleging the indebtedness of the estate of the said decedent to him in the sum of $2,500.00 for services rendered by him for Keith during his lifetime, and further alleging the necessity of selling a part of the real estate to satisfy such indebtedness. The bill prayed for an accounting and for a decretal judgment in plaintiff's favor for the amount claimed. The court overruled a demurrer to the bill, but rendered final decree for defendants. This appeal followed.

The plaintiff, when a small child, having been entrusted to the care of William Keith and his wife, was reared to manhood by them. Coincident with his attaining majority he bought from his foster father a tract of land in consideration of $400.00. At the end of the deed passing title to the land there is this provision: "It is further understood that the said D. L. Moody is to stay with the said Wm. Keith and help care *from* him during the said William Keith's natural lifetime." The deed was dated January 1, 1921. Thereafter plaintiff continued to live with Keith and his wife, and, according to the great preponderance of the testimony, carefully ministered to the wants of Keith until the latter's death in 1928. By his will Keith left all his property, real and personal, to his wife and children. No provision was made for plaintiff.

The appraisal of Keith's estate showed personal property of approximately $8,000.00 and real property of approximately $3,000.00. The personal property, after payment of all claims other than plaintiff's, far exceeds the amount claimed by him.

Defendants take the position (1) that the court was without jurisdiction to entertain this bill, and (2) that the above quoted clause of the deed estops plaintiff from asserting any claim for his services, on the theory that a part of the consideration for the property bought was plaintiff's continuing to live with Keith, and that under the circumstances there could be no implied promise on the part of the decedent to pay plaintiff for his services.

Considering the said two propositions in their inverse order, emphasis must be laid on the fact, fully appearing from the record, that the cash consideration of $400.00 was actually paid by the grantee and that such consideration represented the fair value of the land. The above quoted clause was inserted by the notary at the request of Mr. Keith after the deed had been otherwise completed and the grantors were about to execute the same. The old man seemed to desire to emphasize the fact that the plaintiff was to remain with him through his declining years. The inserted language carries no intimation that the service thereby contemplated was in part consideration for the grant, nor does it imply that such service was to be gratuitous. Many witnesses testify that Mr. Keith from time to time expressed appreciation for plaintiff's services and said that plaintiff was to be recompensed therefor. Reading the said inserted provision of the deed and the said testimony together, there is ample basis for recovery by plaintiff for the reasonable worth of his services.

The jurisdictional point, however, is more serious. There is no basis on which equity jurisdiction can be sustained. Allegations with reference to discovery and interpretation of the deed were colorable merely. "A general creditor of a deceased person cannot sustain a bill in equity on a purely legal demand, unless he shows that he has exhausted his legal remedy, or that such remedy, for some good cause, would be inadequate or unavailing." *Hale* v. *White*, 47 W. Va. 700. This rule is accentuated by many subsequent cases. See Shepard's Digest. The demurrer to the bill should have been sustained.

The trial court having dismissed the bill on the merits of the case, we reverse the decree of adjudication and dismissal, and, proceeding to render such decree as the trial chancellor should have rendered, we sustain the demurrer to the bill and dismiss the same without prejudice to the plaintiff to prosecute such proper action at law as he may be advised.

*Reversed and rendered.*