# WHEELING.

REINHARDT, EX'R., *v.* REINHARDT *et al.*

Submitted June 9, 1882—Decided December 2, 1882.

1. Section 7 of chapter 86 of the Code, confers upon the personal representative of a decedent the right to bring a suit in equity, as in said section provided, either before or after the expiration of six months from his qualification ; but he cannot bring such suit *after* six months, if any creditor has, before such representative commences his suit, filed a creditor's bill as provided for in said section. (p. 79.)

2. A husband conveys real estate to a trustee to secure the payment of a debt and the wife unites in such conveyance ; after the death of her husband, a creditor's bill is filed to subject the real estate of said husband to the payment of his debts and the said trust property is sold under a decree in said suit. HELD :
   The widow is not entitled to dower in the property so conveyed or the proceeds thereof, unless there is a surplus after paying said trust debt and such costs as are properly chargeable to the fund arising from the sale of the property so conveyed. (p. 80.)

3. A husband dies seized of real estate and owing debts exceeding the value of all his estate, personal and real, leaving a widow and infant children. The widow as guardian of said children files a declaration of homestead on a part of said real estate after the death of the husband. HELD :
   That the widow and children took said real estate subject to the liens and equities against it in the hands of the husband, and said declaration does not exempt it, or any part of it, from the debts contracted by the husband and due from his estate. (p. 81.)

Appeal from and *supersedeas* to a decree of the circuit court of the county of Ohio, rendered on the 29th day of December, 1880, in a cause in said court then pending, wherein Henry Reinhardt's executor was plaintiff and Mary Jane Reinhardt and others were defendants, allowed upon the petition of the said Mary Jane Reinhardt.

Hon. Thayer Melvin, judge of the first judicial circuit, rendered the decree appealed from.

SNYDER, JUDGE, furnishes the following statement of the case:

Henry Reinhardt departed this life in December, 1878, possessed of a very inconsiderable personal estate, but seized of a house and lot on Coal street, in the city of Wheeling, and two lots of land on Glenn's run in Ohio county, one of ten and the other of about nine acres. On the two Glenn's run lots he in his lifetime gave a trust deed to secure the payment of six hundred and fifty-nine dollars and twenty-five cents with interest from March 5, 1878, which was recorded on the same day and also another trust deed on the said nine acres to secure the payment of a note of six hundred and fifty dollars, dated March 11, 1878, with interest from date and payable five years after date. This deed was recorded April 1, 1878. In both these deeds his wife, Mary J. Reinhardt, united in due form. The aggregate of the debts due from his estate, including the two trust debts just mentioned, was about two thousand two hundred dollars. He left a widow the said Mary J. and four infant children. Ferdinand Reinhardt, the holder and owner of said two trust debts, qualified as his executor, and on October 31, 1879, brought this suit in his own right and as such executor in the county court of Ohio county to settle his testator's estate, ascertain the amounts and priorities of the debts and sell the real estate to pay the same, making the said widow, infant children and creditors of the testator defendants to the bill.

The widow filed her answer, stating therein that she was entitled to dower in the real estate of her husband and that she was willing and desired to take a sum in gross in lieu of dower in kind; that she had been appointed guardian for the infant children of her husband, and for herself and as such guardian had recorded in the clerk's office of said county, on January 15, 1880, a declaration and claim of homestead on said house and lot on Coal street in the city of Wheeling, and insisted that she as such widow and guardian was entitled to hold the same exempt from the debts of her husband in pursuance of article 6 section 48 of the Constitution and of chapter 193 of the Acts of 1872–3 of this State. The infant defendants by their guardian *at litem* demurred to, and also answered, said bill. The court referred the cause to a commissioner to settle the accounts of the executor, to have the creditors convened, the debts and their priorities and the

value in gross of the widow's dower in the real estate of the testator ascertained. The commissioner made and filed his report, showing that the personal estate did not exceed two hundred dollars, all of which was allowed the widow as exempt from the debts, also the amounts and priorities of the debts, and stating that the widow was entitled to 68.538 *per cent.* of the one third of the proceeds of the real estate in lieu of her dower after deducting the taxes and liens thereon and a proper proportion of the costs. This report was by a decree made July 3, 1880, confirmed without exception, the demurrer to the bill overruled and a sale of the real estate directed. The sale was made by a commissioner, on August 14, 1880, and he filed his report which shows that the plaintiff purchased the ten and nine acre lots on Glenn's run —the former at eight hundred dollars and the latter at four hundred and twenty-five dollars, and that Henry Bronson purchased the house and lot in Wheeling at eight hundred dollars, and that the costs of sale were one hundred and twenty-eight dollars. The defendant Mary J. Reinhardt, widow, excepted to said report and the confirmation of the sale, *first,* because the decree of sale was erroneous, and *second,* because the homestead claimed in her answer had not been set apart for her and the infant children.

The court by its decree, made Sept. 24, 1880, overruled said exceptions and confirmed said sale and report; and after reciting that the trust-liens, with three fourths of the costs of suit and sale; exceed the proceeds of sale from the said ten and nine-acre lots, decided the widow was not entitled to any dower therein, but directed that she be paid one hundred and sixty-seven dollars and two cents in lieu of her dower in the Coal street house and lot, that being 68.538 per cent. of one third of the proceeds of the said house and lot after deducting the taxes thereon for 1880 and fifty-four dollars and sixteen cents being the one fourth of the expenses of sale and costs of this suit, and ordered a writ of possession to issue to put the purchaser in possession of said house and lot. From the said decrees of July 3, 1880, and September 24, 1880, the said widow in her own right and as guardian of the infant-defendants appealed to the circuit court of Ohio county, which court by a decree made December 29, 1880,

affirmed said decrees; and from said latter decree the said Mary J. Reinhardt as such widow and guardian was allowed an appeal and *supersedeas* by this Court.

*Robert White* for appellant.

*Louis F. Stifel* for appellee cited 13 W. Va. 698; *Boggess* v. *Robinson,* 5 W. Va. 413; Code ch. 65 § 8.

SNYDER, JUDGE, announced the opinion of the Court:

A number of errors are assigned in the petition for the appeal to this Court, but all of them, except those hereinafter noticed, were very properly abandoned by the counsel for the appellant in his argument before this Court. The assignments thus abandoned, being clearly untenable, I shall, therefore, consider those only which were relied on by the counsel before this Court.

The first error so relied on is, that the county court improperly overruled the demurrer to the plaintiff's bill. In support of this assignment it is insisted, that section 7 of chapter 86 of the Code of this State confers upon the personal representative the right to institute a suit to sell the real estate of his decedent within six months after his qualification, and *not after.*

This, it seems to me, is not the true interpretation of said statute. It provides, generally, that when the personal estate is insufficient for the payment of the debts of the decedent, the executor or administrator may commence and prosecute a suit in equity to subject the real estate to the payment thereof. Then in the succeeding sentence it provides that, "If such suit be not brought within six months after the qualification of such executor or administrator, any creditor of such deceased person" may institute and prosecute such suit on behalf of himself and the other creditors of such decedent. The right of the personal representative to bring such suit is not limited to the period of six months, but if he fails to bring the suit within that time any creditor may do so, and after suit is thus brought by a creditor the right of the personal representative to sue is lost. But such representative may bring such suit either before or after the expi-

ration of six months, unless after the expiration of said time some creditor brings such suit, then the right of such representative to sue becomes superseded by the creditor's suit and he can not bring such suit thereafter. The court properly overruled said demurrer.

*Second*—It is insisted that the only specific lien on the lot of ten acres on Glenn's run was the trust-debt of six hundred and fifty-nine dollars and twenty-five cents, and that this debt on the day the lot was sold was forty-three dollars less than the price for which it sold, and that the widow was entitled to dower in this forty-three dollars. The fallacy of this claim arises from the fact, that no allowance is made for the costs of suit and expenses of sale which must be paid out of the proceeds of this lot. These costs appear to be one hundred and eight dollars and thirty-two cents, which is the one-half of two hundred and sixteen dollars and sixty-five cents the whole costs of suit and expenses of sale, as shown by the record. This added to the said debt would make the aggregate exceed the eight hundred dollars for which this lot sold. The trust-creditor would undoubtedly have had the right to have sued in equity to enforce his lien on this lot, and in such suit recovered his costs as a part of his debt. Of this the widow could not complain, because she had united in the trust-deed which created the lien—*Holden* v. *Boggess*, 20 W. Va. 62.

It is, also, contended that there was one hundred and eight dollars in the control of the court arising from the rents of these two Glenn's run lots and that the widow was entitled to the one-third of this sum. The record shows that only twenty-seven dollars of this rent was collected, the balance having been turned over by order of the court to the purchaser of the lots—the twenty-seven dollars being all the rent which accrued prior to the sale. But the widow was in possession and had the use of the house and lot in Wheeling during the time this rent accrued, and the house and lot thus in her use and possession, being more than one-third of the real estate of which her husband died seized and the result showing that she was in fact dowable in no part of these Glenn's run lots or the proceeds thereof, she was not entitled to any part of the rent arising from the said Glenn's run lots.

*Third*—It is insisted that the court improperly deducted sixty-eight dollars and thirty-four cents from the eight hundred dollars for which the house and lot in Wheeling was sold, and allowed her dower only in seven hundred and thirty-one dollars and sixty-six cents the residue thereof. The record shows that the items which constitute this sixty-eight dollars and thirty-four cents, are five dollars for executing deed to purchaser, nine dollars and eighteen cents for taxes which accrued on said property after the death of the testator and while the same was occupied by the widow, and fifty-four dollars and sixteen cents, the one-fourth of the costs of this suit and expenses of sale. The amount of which the widow was thus deprived, if erroneous, would be but fifteen dollars and seventy-five cents, that sum being equal to 68.538 *per cent.* or one-third of said sixty-eight dollars and thirty-four cents. A sufficient reply to this assignment would be the maxim, *de minimis lex non curat.* But as the widow consented to the sale of the property including her dowable interest and as it is not certain the creditors could have sold her interest without such consent, the expenses of the sale to the extent, at least, of the commissions on the sale of and advertising her interest and the costs of ascertaining the sum in gross to which she was entitled were incurred by reason of her consent and desire to have such gross sum. *Simmons* v. *Lyles*, 27 Gratt. 922. Moreover, the question of costs in equity is a matter of discretion in the court, and unless the record plainly shows that this discretion was abused by the court below, this Court will not interfere either to correct or reverse the decree for such cause, especially if the decrees appealed from are in other respects affirmed. *Boggess* v. *Robinson*, 5 W. Va. 413.

*Fourth*—It is claimed that the court erred in not setting aside the house and lot on Coal street in the city of Wheeling as a homestead for the infant children under the provisions of chapter 193 Acts of 1872-3.

The said statute—section 10—declares: " That no person, after the first day of March next (1874), who has not made and had recorded such declaration of intention, shall have the benefit of such homestead *as to debts contracted before the recording of such declaration.*"

In *Speidel* v. *Schlosser*, 13 W. Va. 686, this Court decided that said section 10 of said statute was constitutional. And after declaring that the statute applied and was intended to benefit in succession three classes: first, husbands; second, parents; and third, infant children of deceased parents, the court in the same case, on page 698, says: "Each class, as it succeeds the other, respectively, may hold the homestead 'subject to such regulations, as shall be prescibed by law.' As each class steps into the shoes of its predecessor, it has the right to assert the homestead subject to said regulations; but if the property has been obtained from, or through the preceding class, or classes, the homestead *will be subject* to such liens and *equities*, as surrounded it in the hands of such preceding class or classes."

In the case at bar the husband before his death, which occurred in December, 1878, contracted debts to an amount greatly in excess of all the property owned by him. He died owing these debts, a part of which are the very debts from which it is now sought to exempt the house and lot in question. The said house and lot were the property of the husband or father when he contracted said debts, and the only title to it now claimed by his infant children was derived by them from him by descent or devise, and the declaration of an intention to claim said property as a homestead was not filed until January 15, 1880, long after said debts had been contracted and after the death of the husband and father. The infant children, consequently, took the property subject to said debts and are not entitled to hold it as a homestead exempt from said debts.

I have carefully examined the whole record in this cause and find no errors to the prejudice of the appellant either as widow or guardian of the infant children of the decedent. The decree of the circuit court affirming the decrees of the county court is, therefore, affirmed with costs to the appellees and thirty dollars damages against the appellant Mary Jane Goughan formerly Reinhardt, and this cause is remanded to the said circuit court for further proceedings according to the principles of equity.

THE OTHER JUDGES CONCURRED.

DECREE AFFIRMED—CAUSE REMANDED.