# CHARLESTOWN.

## UNDERWOOD'S EXECUTOR v. UNDERWOOD'S HEIRS.

Submitted June 30, 1883—Decided October 2, 1883.

1. Section 7 of chapter 86 of the Code authorizes an executor within six months from his qualification to bring suit to subject the lands of the testator to the payment of debts, when the personal estate of the testator is insufficient to pay the same.    (p. 306.)

.2. The bill in such a suit should show on its face, who is the widow of deceased, who are the heirs and devisees, and all the known creditors; and if it does not show this, it is fatally defective. (p. 307.)

3. The purchaser at a judicial sale can get no title, unless the parties interested in the land so sold are before the court.    And such a sale, where such parties are not present, should be set aside by the court.    (p. 307.)

4. In a suit to sell land of testator, because personal property is insufficient to pay the testator's debts, and in the will a bequest is made to the widow, no sale ought to be ordered, until twelve months after the probate of the will, because the widow has that time, within which to elect, whether she will renounce the will, unless she sooner make her election.    (p. 308.)

5. It is error to order the sale of land to pay debts charged thereon, subject to widow's dower, but sale may be ordered without assigning dower in the land, provided she elects to take the value of her dower from the proceeds of the sale.    (p. 308.)

The facts of the case are stated in the opinion of the Court.

*J. M. French* and *J. H. McGinnis* for appellants.

*John W. McCreery* for appellee.

JOHNSON, PRESIDENT:

John W. McCreery, executor of the last will and testament of J. B. Underwood in April, 1881, filed his bill in the circuit court of Raleigh county alleging, that the personal estate of his testator was insufficient to pay the debts of the estate, and praying, that the accounts of said executor be settled, that the creditors of the estate be convened, and that after the incoming of the report of a commissioner a sufficient amount of the real estate to pay the debts be sold, if the personal

assets were insufficient. On the 28th day of June, 1881, the decree states, that "This cause came on to be heard upon the bill of the plaintiff regularly matured for hearing by return of the summons duly executed, upon the answer of the infant defendants by J. B. Ellison the guardian *ad litem* assigned at rules to defend them in this suit with replication to said answer and exhibits filed, was argued by counsel, on consideration whereof the court doth adjudge, order and decree, that this cause be referred to J. B. Ellison a commissioner of this court, who is directed to take, state and report an account of the executorial transactions of J. W. McCreery as executor of J. B. Underwood, deceased, also to convene the creditors of said decedent as required by law before him, the clerk to give the notice prescribed by the statute, and report of what real estate the said Underwood died seized and possessed, and the title thereto, and any other matter deemed pertinent or required by any of the parties to be reported."

The proper notice was given, the account was taken, and report was made, to which there were no exceptions, and the same was by the decree of October 31, 1881, confirmed. The decree ordered, that the land be sold to pay the debts, and that the undivided one half of a tract of one thousand four hundred and fifteen acres be sold subject to the widow's dower, and that she was entitled to dower in the proceeds of the sale of a tract of one hundred and one and one half acres after paying the balance of purchase-money due thereon. The lands were sold, and report was made and exceptions were entered by the defendants, the widow, Mary J. Underwood, and M. M. Cole and Lina Cole, his wife, the latter being an heir at law of J. B. Underwood, deceased. The exceptions were, first, that the lands were sold at a ruinous sacrifice; second, that the court erred in decreeing the sale before definitely ascertaining the amount of the personal assets in the hands of the executor, and requiring them to be applied to the payment of the debts of decedent; and that in any event only so much of the real estate should have been sold as was necessary to pay such deficiency; third, that the sale was decreed before the dower of Mary J. Underwood was assigned; fourth, that commissioner gave no notice of the time and place of taking his accounts.

The said three defendants filed a petition for a rehearing of said two decrees of June 28 and October 31, 1881, for the same reasons, that are embraced in the foregoing exceptions, and further because no process had been executed on the infant defendants, and because, as they allege, the account of the executor was not properly taken. The executor answered the petition, denying the material allegations thereof, and claiming, that admitting all the personal estate, as claimed in the petition, yet there was a large excess of indebtedness, that would have to be paid by a sale of the real estate, which would not pay it all. The same defendants demurred to the bill and also filed an answer, in which substantially the same matters are set up as in the petition.

On the 28th of April, 1882, another decree was entered in the cause. This decree recites that the cause was further heard on the former papers, the report of sale, exceptions thereto, affidavits and counter affidavits, upon the petition for rehearing the two former decrees, the answer thereto, the answer of the said three defendants, and general replication thereto, and, the court refused to disturb the said two former decrees, but by consent of the executor the settlement of his accounts was recommitted to the commissioner to be retaken. The court did not determine the question, whether it would confirm the sale of the one moiety of the one thousand four hundred and fifteen acres, but overruled the exceptions as to the sale of the one hundred and one and one half acres of land, and provided that the amount, to which the widow would be entitled in the surplus of the proceeds of said one hundred and one and one half acre tract, should be ascertained.

From the said three decrees, the said three defendants appealed.

It is assigned as error in the decree of the 28th of June, 1881, that the suit was prematurely brought by the executor, who had undertaken the trust under the will. This act was in direct conflict with the provisions of said will, which provided that the debts due the testator from all sources whatever should be collected by his executor, and be applied to the payment of all decedent's indebtedness, as directed in the second clause of the will. No creditor was then seeking sale

of the realty, and less than five months had elapsed from the death of the testator, when this suit was brought, and no decree for account should have been rendered. Section 7 of chapter 86 of the Code under which the suit was brought, provides:

"When the personal estate of a deceased person is insufficient for the payment of his debts, his executor or administrator may commence and prosecute a suit in equity, to subject his real estate to the payment thereof, as provided in this chapter. The widow, heirs and devisees, if any, and all the known creditors of the decedent shall be made defendants in such suit. If such suit be not brought within six months after the qualification of such executor or administrator, any creditor of such deceased person, whether he has obtained a judgment at law for his claims or not, may institute and prosecute such suit on behalf of himself and the other creditors of such deceased person, &c."

Section 7 of chapter 86 of the Code confers upon the personal representative of a decedent the right to bring a suit in equity either before or after the expiration of six months from his qualification, but he cannot bring such suit after six months, if any creditor has, before such representative brings his suit, filed a creditor's bill as provided for in said section. *Reinhardt* v. *Reinhardt*, 21 W. Va. 76.

If the plaintiff here had not brought his suit before the six months, he could not have done so after that time, if a creditor had filed his bill first. Of course the executor knows more about the condition of the estate, than any creditor or other person, and he is perfectly justifiable in bringing the suit, before a creditor could do so, if the personal property would not pay the debts, and not leave it for the creditors to institute the suit and perhaps put the executor to greater trouble and expense. If the personal estate were insufficient to pay the debts, of course the directions of the testator in the will could have no controlling influence over the executor in the matter.

The second error assigned in the said decree is, that the bill does not show, who were the children, heirs and devisees of said J. B. Underwood.

The statute particularly requires, that the widow, heirs,

devisees and all the known creditors shall be made defendants to the bill.   This bill does make Mary J. Underwood, widow, a defendant, but there is nothing on the face of the bill to show, that the heirs of J. B. Underwood or his devisees or all his known creditors are made parties defendant.   The introductory part of the bill is:   "The bill of complaint of John W. McCreery, executor of Joseph B. Underwood deceased, against Mary J. Underwood, widow of J. B. Underwood deceased, M. M. Cole, Lina Cole, Thomas Warden, Lewellen Warden, George Snaffer, Mary C. Snaffer, Joseph Underwood, John B. Underwood, William Underwood, Grattan Underwood, Isabel Underwood, the last four, infant children of J. B. Underwood deceased, Harvey B. Neely, Malinda Neely, Clyde Underwood, and Lulu Underwood, the last two infant children of Rufus F. Underwood deceased, who was a son of J. B. Underwood deceased, H. L. Gillaspie, H. H. Harper, administrator of A. J. Harper deceased, G. H. Prince, J. W. McCreery and E. D. George, defendants."   There is nothing in the bill to indicate, who are the devisees or heirs at law of said Underwood, deceased, with the exceptions of the infants named.   The will of J. B. Underwood is exhibited with the bill, by which it appears, that he gave a bequest of one hundred and fifty dollars to his son-in-law, George Shaffer, and that he gave all his real estate to his widow during her life, and then to be equally divided between his children, share and share alike.   The children are not named in the will.   The bill does not allege all the known creditors, which is essential to the frame of such a bill.   Such a bill should name not only the widow but it should name each heir and devisee and show on the face of the bill, that all were so named and made defendants, and it should also name each known creditor, and make them all defendants to the bill. This bill names several creditors, who are not made defendants.

The bill for the reasons aforesaid is fatally defective, and the demurrer thereto ought to have been sustained, and the plaintiff given leave to amend his bill.   It follows, that the decrees will have to be reversed.

The sale of the two tracts of land will fall with the decrees. The purchasers can get no title, until the parties having an

interest in the land are before the court, and in this cause it does not appear from the bill, that they were before the court. *Capehart* v. *Dowery*, 10 W. Va. 130. In this cause, even if the bill had been good, there ought not to have been a sale ordered until the expiration of twelve months from the probate of the will, because the widow was entitled to twelve months within which to elect whether she would renounce the will, unless she sooner made her election. If she did not renounce it, it would not be proper to assign her dower. If she did renounce, her dower should have been assigned. It is error to order a sale of land to pay debts charged thereon subject to the dower of the widow. The dower should be ascertained and assigned before sale is ordered, unless the widow elects to take the value of the dower from the proceeds of the sale. *Laidley* v. *Kline*, 8 W. Va. 229. We deem it unnecessary to notice the other errors assigned.

The several decrees entered in this cause must be reversed with cost to the appellants to be paid out of the estate of J. B. Underwood, deceased; the sale of the two tracts of land must be set aside, the demurrer to the bill sustained with leave to the plaintiff to amend; and the cause must be remanded for further proceedings to be had.

THE OTHER JUDGES CONCURRED.

DECREES REVERSED. CAUSE REMANDED.