# CHARLESTOWN.

## HANDY v. SMITH.

Submitted June 15, 1887.—Decided September 23, 1887.

1. STATUTE OF LIMITATIONS—RUNNING OF STATUTE—EXCEPTIONS.
   When an action has accrued to a party capable of suing the statute of limitations begins to run against the party who may be sued, unless this be prevented by the cause coming within some exception to the statute; and after it has begun to run its running is not suspended because of the subsequent death of either of the parties, or because of the lapse of time before either has a personal representative. (p. 197.)

2. STATUTE OF LIMITATIONS—RUNNING OF STATUTE—EXCEPTIONS—JUDGMENT—REVIVOR.
   In no event can a judgment be revived, under our statute, (section 11, ch. 139, Code.) after ten years have elapsed from the return-day of the last execution issued thereon, and, if more than five years of that period elapse during the life of the execution-debtor, then the creditor has only the remainder of the ten years, within which to revive the judgment against the personal representative of such debtor. (p. 197.)

*J. M. Bennett* for appellants.

*Andrew Edmiston* for appellee.

SNYDER, JUDGE:

Appeal from a decree of the Circuit Court of Lewis county, pronounced March, 1884, in the suit of Handy & Bro. against the administrator and heirs at law of David H. Smith, deceased. In April, 1856, the plaintiffs recovered in said court

a judgment for $315.11 against the said Smith. Successive executions were issued on the judgment, the last of which was issued April 5, 1869, and made returnable to June rules, of that year. All of said executions were returned "No property found." Smith, the judgment debtor, died April 29, 1879, and this suit was commenced December 15, 1881, to subject real estate of which said Smith died seized to the payment of said judgment. The Circuit Court held that the judgment was barred by the statute of limitations, and the plaintiffs have appealed to this Court. The single question presented is whether or not the court erred in holding that the plaintiffs' demand was barred by the statute of limitations.

In *Werdenbaugh* v. *Reid*, 20 W. Va. 588, this Court decided that the right to enforce the lien of a judgment in a court of equity ceased when the right to sue out execution on the judgment, or to revive it by *scire facias*, became barred by the statute of limitations. *Shipley* v. *Pew*, 23 W. Va. 487. The plaintiffs' right to relief, therefore, depends wholly upon the question whether or not, at the time they instituted this suit, their right to sue out execution upon, or to revive, their judgment, had become barred by the statute of limitations. By our statute, where execution issues within two years, other executions may be issued on the judgment within ten years from the return-day of the last execution. But, when the execution debtor dies, the right to revive the judgment by *scire facias* is limited to five years from the qualification of the personal representative of the debtor. Section 11, *ch.* 139, Code. It is therefore clear that, if Smith had lived 10 years after the return-day of the last execution, the plaintiffs' right to relief would have been completely barred.

But it is insisted by the appellants that, as Smith died 33 days before the 10 years expired, they had, under the second clause of the statute, 5 years from the date of the qualification of his personal representative to revive their judgment or bring this suit. It is claimed that this provision is a limitation within itself, independent of the 10-years limitation in the first part of the statute; and that, "it matters not whether the five years fall wholly within the ten years, or wholly without the ten years, in cases not barred, or partly within

and partly without the same." This position is plainly un-tenable. The law is well settled that, when to a party capable of suing an action has accrued against a party who may be sued, the statute begins to run, unless this be prevented by the case coming within some exception to the statute. After it has begun to run, its running will not be suspended because of the subsequent death of either party, or because of the lapse of time before either has a personal representative. 1 Rob. Pr (New Ed.) 591, 609; *Jones* v. *Lemon*, 26 W. Va. 629; *Harshberger's Adm's* v. *Alger*, 31 Grat. 52, 67; *Wilson* v. *Harper*, 25 W. Va. 179.

The second, or five-years clause, of this statute, is not an enlargement but a limitation upon the preceding, or ten-years, clause. If but five years or less have expired, then the creditor has the whole period of five years from the qualification of the personal representative of the execution debtor to sue out his *scire facias*, or bring his suit; but, if more than five years have elapsed during the life of such debtor, then the creditor has only the remainder of the ten years to revive his judgment, or bring his suit. In no event can the judgment be revived, or suit brought to enforce it, after ten years have elapsed from the return-day of the last execution; and, if more than five years of that period elapse during the lifetime of the execution debtor, then the creditor has only the remainder of the ten years within which to revive his judgment, or bring his suit, although such remainder may be less than five years, and there may be no personal representative of his estate. *Laidley* v. *Kline's Adm'r*, 23 W. Va. 565, 576. If no right of action has accrued against the decedent before his death, then, it seems, the statute would not commence to run until his administrator had qualified, or until five years after his death, if the administrator did not sooner qualify. Section 17, *ch.* 104, Code; 1 Rob. Pr. (New Ed.) 590.

But in the case at bar the statute began to run, and the cause of action had accrued in the lifetime of Smith, the execution debtor; and, consequently, according to the rule and authorities above given, it continued to run, and was not suspended or interrupted by reason of his death, or because he had no personal representative. It continued to run up

to the time of bringing this suit; and, as that was more than 10 years. after the return-day of the last execution issued on the plaintiffs' judgment, it was. clearly barred.

It is suggested by the counsel for the appellants that one of the heirs of Smith is a non-resident, and that as to this. one, the statute did not run, by reason of the exception in it. Section 18, *ch.* 104, Code. But the facts. in the record are insufficient to establish this pretension. The only fact in the case to show that any of the defendants are non-residents is the statement in the decree of the court that Mrs. Depriest, one of the defendants and heirs of Smith, was proceeded. against in this suit by order of publication as such; *non constat* she was a resident of this State up to a short time before the suit was commenced. There is certainly nothing in this. suggestion of the appellants.

I can discover no error in the decree, and the same must be affirmed.

AFFIRMED.