# CHARLESTON.

## GOOCH *v.* GOOCH.

Submitted March 23, 1910.    Decided November 28, 1911.

1.  RIGHT OF ACTION—*Personal Representatives.*
    Is a personal representative given exclusive right over credi-
    tors, for six months after qualification, to bring the suit provided
    for by sec. 7, ch. 86, code 1906, to subject real estate of a de-
    cedent to payment of debts? (p. 39).

2.  BILL IN EQUITY—*Sale of Realty—Sufficiency of Personal Estate.*
    Must a bill in equity under sec. 7, ch. 86, code 1906, to subject
    real estate of a decedent to debts, allege the insufficiency of his
    personal estate to pay his debts? (p. 40).

3.  CONTRACTS—*Consideration—Moral Obligation.*
    When there is by law no enforceable obligation to pay, a
    promise made afterwards to pay wants legal consideration, and
    is not enforceable.   (p. 43).

4.  BILLS AND NOTES—*Consideration—Past Payments.*
    A promissory note given by a son to his widowed mother for
    money paid by her for his board while at college and his college
    education, after such expenditure, without promise or expecta-
    tion of repayment on the part of either, at the time of such
    expenditure, wants legal consideration, and is not enforceable.
    (p. 43).

5.  CONTRACTS—*Consideration—Moral Obligation.*
    A merely moral obligation, though not illegal, is not a con-
    sideration for a promise, to make that promise enforceable.
    (p. 43).

6.  SUBROGATION—*Principal and Surety—Right to Contribution.*
    A co-debtor, not principal debtor, paying a debt secured by a
    deed of trust executed by both on their land may have subroga-
    tion to the right of the creditor for contribution against his co-
    debtor.   (p. 41).

7.  SAME—*Effect of Limitations.*
    A deed of trust binding land of several debtors for a debt, paid
    by one not principal debtor, and released by the creditor, is kept
    alive in equity to give contribution to the debtor paying against
    a co-debtor, notwithstanding such release, and though action at
    law for contribution is barred by the statute of limitations.
    Laches, not statutory limitation, may bar such subrogation.
    (p. 42).

8.  INTEREST—*Items—Interest on Judgment.*

    It is error to give interest on the sum of principal and interest computed to a date prior to decree. Interest on the sum of principal and interest at date of decree should be given from date of decree. (p. 45).

Appeal from Circuit Court, Summers County.

Suit by Ellen A. Gooch, against Josephine L. Gooch and others. From a decree for plaintiff, defendant Josephine L. Allen (nee Gooch) appeals.

*Reversed and Remanded.*

*McGinnis & Hatcher, O. P. Fitzgerald, Jr.,* and *Brown, Jackson & Knight,* for appellant.

*T. N. Read* and *R. F. Dunlap,* for appellee.

BRANNON, JUDGE:

Ellen A. Gooch brought a chancery suit against the executrix and other representatives of the estate of her dead son, J. A. Gooch, to compel a settlement of the accounts of said executrix, and sell the real estate owned by her son to pay debts due her. A decree was entered in favor of the plaintiff for her demands against the estate and subjecting certain real estate of the dead son to sale. Josephine S. Allen, the widow, executrix and devisee of J. A. Gooch appeals.

There was a demurrer to the bill. One ground of demurrer is that section 7, ch. 86, Code, gives six months preference after qualification to the personal representative to bring a suit to administer the real assets of a decedent before a creditor can do so, and that this bill does not say whether a suit had or had not been brought by the executrix, or when she qualified. Is a creditor thus compelled to wait for six months after the qualification of a personal representative before he can bring a suit to subject the realty of a dead man to his debts? As we hold this to be a suit to enforce subrogation we do not decide this point. Speaking only for myself it does seem that the statute gives the personal representative preference for six months, and delays the creditor. The creditor could always sue the personal estate in equity. Then when the statute made land liable for the debts of the dead man, he could sue the land for the same reason that he could sue the personalty, that is that he has a debt for which

the land is liable, but the law-makers saw proper to give a time to the administrator to see whether the personalty would pay debts, without recourse to the land, as he would know best as to this. 'This is given as a reason for this preference in the *Underwood Case,* 22 W. Va., p. 306. It was not intended that any creditor should sue the realty until a reasonable time had been given the administrator to ascertain as to sufficiency of the personal assets, and gives him exclusive right of suit for six months. It was further intended to protect the estate from loss by numerous suits, and give the personal representative power, for a time, to bring suit for all creditors. I incidentally express this opinion in *Rowan* v. *Chenowith,* 49 W. Va. p. 290. I submit that Judges SNYDER and WOODS so construed section 7. *Rheinhardt* v. *Rheinhardt,* 21 W. Va. 76; *Broderick* v. *Broderick,* 38 *Id.* 385. Judge DENT so construed those cases in *Poling* v. *Huffman,* 30 W. Va. 320. The last case and *Hale* v. *White,* 47. W. Va. 700, seem *contra.* But are they? Judge DENT admits the rule above stated, but seems to place those cases on special facts taking them out of the rule. What is the plain import of section 7? So, I would say that a bill filed under section 7 should show that six months had elapsed after the qualification of the personal representative and that no suit had been brought by him.

. It is also urged that the bill does not state that the personal assets are not sufficient to pay debts, and that it is therefore bad on demurrer. Section 7, ch. 86, gives a suit to charge lands with debts "when the personal estate of a decedent is insufficient for the payment of his debts." Remember that this statute recognizes the rule that land shall not be made liable to debts of a dead man except when the personality is inadequate. Therefore I would say without hesitation that a bill under section 7 must aver that the personalty is inadequate. Such inadequacy is a condition precedent to such suit. But we do not so decide, because this is a suit for subrogation, not one resting on section 7.

Another ground of demurrer is that the qualified personal representative must be before the court. That is so; but she is. This point is made on the fact that the bill named as a defendant "Josephine L. Gooch, executrix." The bill alleges that she was nominated as executrix by the will, "and in pursuance of said nomination has been acting as such." It is claimed that

the bill ought to say that she qualified by giving bond and taking the oath prescribed by law. We do not think this point substantial. It is technical. True, the statute says that an executor shall not have powers as such until he qualify by taking oath and giving bond; but we think the presumption would be that the executrix has so qualified as it is averred that she was acting as such.

Next subject. Has equity jurisdiction of this case? We answer that it has.

The bill says that J. A. Gooch, C. H. Gooch and the plaintiff Ellen A. Gooch made to Fox a note of $850.00 to raise money to pay off debts owing by B. P. Gooch, husband of Ellen A. Gooch, and father of J. A. Gooch and Charles Gooch and secured it by deed of trust on the real estate left by B. P. Gooch, which deed of trust was on the real estate sought to be subjected in this suit, which deed of trust is an exhibit of the bill, and that the plaintiff as one of the makers of the note paid the note, and that J. A. Gooch never paid the plaintiff his part of the note, and that the plaintiff was entitled to have contribution from his estate of one third of the sum paid by her, and claimed the right to subject the real estate covered by the trust deed, the third descending to J. A. Gooch from his father, for his portion of the debt. It is claimed that the bill does not sufficiently aver the facts authorizing subrogation. We think as the bill alleges the execution of the deed of trust and exhibits it, that it is sufficient in this respect.

It is claimed that there is no right of subrogation in favor of a debtor against a co-debtor, as this deed of trust was released. We believe it is not claimed that a surety may not have a subrogation against a co-surety. That he has is well established. Sheldon on Subrogation, section 140; *Wheatley* v. *Calhoun,* 12 Leigh 264, 27 Am. & Eng. Ency. L. 223; opinion in *Sands* v. *Disham,* 99 Va. 263, 86 Amer. St. R. 884 and note. But the claim is that as the deed of trust was released the deed of trust was dead, and there could be no subrogation; that the release reverted the title to the maker of the trust, and until that release should be set aside by a legal adjustication, there could be no subrogation. Some authorities support this position; but it is untenable under our law and a great weight of authority. A

release does not prevent subrogation. 27 Am. Eng. Ency. L. 213. Sheldon on Subrogation, section 14. When payment is made, or release is made, the debt is dead in a court of law; but equity keeps it alive for the benefit of the surety or co-surety. A judgment paid is ended at law, but equity keeps it alive for the benefit of the surety. What is the difference between a receipt in full and a release? A multitude of authorities say that payment does not satisfy the judgment or other lien as between the debtor and surety. Therefore, we hold that the plaintiff is entitled to subrogation under the deed of trust.

But it is said that though there was once a right to subrogation it is lost by the statute of limitation of five years, the period applicable to the case of a surety demanding payment or contribution of his principal or co-surety. True, action at law would be barred; but this case is governed by the principle of subrogation. The party claims the right in equity under a deed of trust. A deed of trust has no limitation by statute. It is only subject to laches. Presumption of payment in twenty years bars it, unless repelled by evidence. The creditor has that limitation. He is not sooner barred. The surety takes the creditor's shoes and can avail himself of the creditor's rights. So can the co-debtor. The statute of five years does not apply. We are referred to *Thayer* v. *Daniels,* 110 Mass. 346. That is no authority, as it was an action at law, and I have said above that at law five years would bar; but we have a suit in equity for subrogation. The other case referred to is *Junker* v. *Rush,* 11 L. R. A. 103. That does support the contention, but contrary to a great volume of authority. It is a well known principle that a note secured by a deed of trust may be barred, but that fact does not bar the lien of that deed, the note being one thing, the mortgage another; the one dead, the other yet alive. The creditor could not maintain action on the note, but could resort to his mortgage, though his note is barred; the surety takes the shoes of the creditor, and as long as the creditor's right would not be barred neither would the right of the surety. *Criss* v. *Criss,* 28 W. Va. 388; *Evans* v. *Johnson,* 39 *Id.* 299. It is claimed that the trustee and creditor under the deed of trust should be parties, but are not. Why so? The deed of trust has been paid so that the creditor has no right. The deed of trust has been released, and the title has been divested from the trustee and reverted to the vendor or his heirs. What

right has either involved in this suit? So, we conclude that the plaintiff is entitled to contribution under the deed of trust for the Fox debt.

Another subject. Another demand of the plaintiff against the estate of J. A. Gooch is based on a promissory note made by J. A. Gooch to his mother for $2,000.00. This has been to me the only serious aspect of the case. It is claimed that this note rests on no binding consideration. The plaintiff herself states under oath that she paid out money for the education at college of her son J. A. Gooch, without any contract or understanding that he would repay her, and that she did not expect any repayment. Years afterwards, in consideration of money which she had so paid he voluntarily gave her this note. That is really the consideration. Is that binding to make the note enforceable? We have several times decided in effect that where a son claims for service rendered the father he can not recover, unless he proves an express contract or the facts clearly show an expectation or intention on the part of the father to pay for the service. *Cann* v. *Cann,* 40 W. Va., 138; *Riley* v. *Riley,* 38 *Id.* 283; *Harris* v. *Orr,* 46 *Id.* 261. I cite here the many cases found in 7 Ency. Digst., Va. & W. Va. Reports 304, for the proposition that the law does not raise or imply a promise to pay for services or maintenance or education of a son by a parent on which an action can be based. There was not even a moral obligation on the part of the son to pay the mother for money paid for his education. There was no promise made at the time.

"A moral obligation, though coupled with an express promise, will not constitute a valuable consideration, and it is only where there is a precedent duty which would create a sufficient legal or equitable right if there had been an express promise at the time, or where there is a precedent consideration, that an express promise will create or revive a cause of action." Daniel on Nego. Instruments, section 182.

I lay down the proposition that to support an action on a contract there must be a consideration enforceable at law, and that an express promise can only revive a precedent good consideration which might have been enforced at law through the medium of an implied promise, had it not been suspended by some positive rule of law, but can give no original cause of action if the obligation on which it is founded never could have been enforced

at law, though not barred by any legal maxim or statute.    39. Amer. St. R. 735.   In that great work, Page on Contracts, section 319, p. 484, we read as follows:   "Past services when rendered under such circumstances as to create no legal liability are not a consideration for a subsequent promise.   Illustrations of such services are those rendered by father to son; past services rendered to a father by his daughters without any agreement for compensation; services rendered by a niece living in the family; support furnished a minor daughter by her mother, or medical attendance rendered to any adult."   The same work in section 310 says, "that if the promise invoked as a consideration is itself unenforceable for some reason outside the form of promise it can not be enforced".   Where a father made an advancement to a child, and later the child gave the father his note for its repayment, the note was held not good.   Page on Contracts section 319.   There we find that past consideration is no consideration under circumstances not creating liability.   I would cite for these principles 9 Cyc. 356; *Stoneburner* v. *Motley,* 95 Va. p. 788; 107 Am. St. R. 153; 102 *Id.* 779; Ogden on Notes 60.   As will be seen in the notes in 39 Amer. St. R. 735 there has been conflict of authority on this subject, older English decisions holding such promises valid; but later English decisions and the great current of American authority holding such consideration as is present in this case is not good for a subsequent promise.   This note was given years after the mother had spent money for her son's education without any promise or expectation, at the time, on the part of either of payment.

The mother states also that she was distressed about not being able to dispose of a house, and the son said to her to sell it and he would give her the note.   It is not distinct what this meant. But this constitutes no shadow of consideration.   So we must conclude that this note is not enforceable, and it was error to decree it against the estate of J. A. Gooch.

Josephine Gooch cannot complain that it was not ascertained whether the personal estate would pay indebtedness.   She refused to present her accounts as executrix as demanded by decree, and would not reveal the personalty, and being sole devisee and the only appellant cannot complain of this.

It is complained that sale was decreed subject to the dower of Ellen A. Gooch, widow of B. P. Gooch.   This is error.   Provis-

ion as to it should have been made. *Sommerville* v. *Sommerville,* 26 W. Va. 484. Nor was any provision made as to dower of Josephine Gooch.

There is error in decreeing interest from 1st day of October 1907. Interest on principal should have been brought down to date of decree, and interest given on total from that date.

Too much was decreed for taxes paid by Ellen A. Gooch; but this was not excepted to.

We reverse the decree and remand the cause for further proceeding.

*Reversed and Remanded.*