CLEOPAS R. HESS *v.* ERNESTINE CASTO *et al.*

(No. 8690)

Submitted April 26, 1938.   Decided May 10, 1938.

*Grover F. Hedges* and *Hoff & Moore,* for appellant.
*S. P. Bell* and *Harper & Baker,* for appellees.

FOX, JUDGE:

W. H. Hess died on the 8th of April, 1928, leaving surviving him Ethel Hess, his widow, Claude A. Hess and Mabel Hess Luring, adults, and Cleopas R. Hess and Charles W. Hess, infants, his only heirs at law. On May 21, 1928, Claude A. Hess qualified as administrator of his estate. On July 31, 1928, seventy-one days after the qualification of the administrator, one T. W. Lattimer instituted his suit against the administrator and

heirs at law of the said decedent and certain other alleged creditors, the general purpose of which was to subject his real estate to the payment of his debts, it being alleged that his personal estate was insufficient for that purpose. A guardian *ad litem* was appointed for the infant defendants, who filed for them the usual answer in which the court was asked to protect their interests. The case was referred to a commissioner and upon the filing of his report, a decree of sale was entered on January 21, 1929, under which certain real estate of the decedent was sold by a special commissioner and purchased by R. W. Casto. The sale was confirmed on the 21st day of May, 1929, and a deed for the property so purchased executed and delivered to Casto on the 3rd day of June, 1929. Later, Casto, by deed dated July 15, 1930, conveyed a part of said real estate to Bernard Harold. Casto died testate and devised his estate to his wife, Ernestine Casto. Cleopas R. Hess, appellant, and plaintiff in the court below, arrived at the age of twenty-one years on October 20, 1935, and this suit was instituted in the circuit court of Roane County on the 14th day of October, 1936, more than eight months after his attaining full age, in which the devisee and grantee of R. W. Casto and certain parties claiming certain rights in the real estate affected are made parties. The plaintiff admits that, by reason of lapse of time, he cannot move against the decrees entered in the Lattimer case, under Section 1, Article 2, Chapter 58 of the Code, but he attacks said decrees, especially the decree of sale, and the conveyance executed in pursuance of the sale made thereunder, on the ground that the suit in which the alleged sale was made was instituted within the six months' period during which, as he contends, the administrator of W. H. Hess had the exclusive right to sue and that, therefore, the court had no jurisdiction of that suit, and that all of its proceedings are absolutely null and void, and asks that they be so decreed and that his interest in the property sold be conveyed to him. The defendant's demurrer to the plaintiff's bill was sustained

and, the plaintiff not desiring to amend, a decree was entered dismissing the same. From such decree appellant prosecutes this appeal.

It will be observed that the sole question involved on this appeal is whether or not the circuit court of Roane County had jurisdiction to hear and determine the suit of T. W. Lattimer against Claude A. Hess, administrator, and others. If it had no jurisdiction, then the orders entered therein and the deed executed thereunder are void. If it had such jurisdiction, the appellant, not having moved against the decree entered in said suit within the time provided for by the statute, cannot now be heard to complain. It is admitted that the circuit court had jurisdicton of the subject matter of the Lattimer suit, and that it acquired jurisdiction of the parties by regular service of process and appearance on the part of the infants through their guardian *ad litem,* and the question is narrowed to whether or not said court had the right to assume jurisdiction in a suit instituted by a creditor of the decedent prior to the expiration of six months from the date of the qualification of his administrator. A decision of this question requires some consideration of the earlier statutes and decisions bearing upon the right of a creditor to subject the property of a decedent to the payment of his debts.

The right of a creditor to subject real estate to the payment of debts of a decedent was limited under the common law, but as early as 1810, the right of a creditor to maintain such a suit was recognized in Virginia. *Mason's Devisees* v. *Peter's Admrs.,* 1 Munf. 437. The right was further recognized in *Wilder* v. *Chambliss' Admx.,* 6 Munf. 432; *Blow* v. *Maynard,* 2 Leigh 29. See also 2 Tucker's Commentaries; 2 Lomax on Executors 746. Legislation was enacted in Virginia prior to 1849, appearing in Code (Virginia) 1849, Chapter 131, by which real estate is specifically charged with the payment of debts of a decedent, and said enactments appeared practically unchanged in Code 1923, Chapter 86, Sections 1 to 6, and now appear in Code 1931, 44-8-1 to

6. Sections 1 to 6 of Chapter 131, Code of 1849 were incorporated in our Code of 1868, Chapter 86, and Sections 7 and 10 were added which, in the main, correspond to Sections 7 and 10 of Chapter 86 of Code 1923 (Code 1931, 44-8-7 and 10). By Section 7, there is conferred upon the personal representative of a decedent a right, which he did not possess before that date, namely, to institute a suit for the sale of the real estate of his decedent, and the effect of which was to give him an exclusive or preferential right to institute such suit within a period of six months following the date of his qualification, but giving to creditors the right to institute such suit after the expiration of said six months' period. It is clear that the right of a creditor to institute such a suit was not destroyed, but that the statute only had the effect of holding that right in abeyance for the six months' period immediately following the qualification of the executor or administrator. Speaking of the right of a creditor to institute such a suit, this court held in *Arnold & Ruffner* v. *Casner*, 22 W. Va. 444:

> "The authority for such suit is not derived from our statute—Code, Chapter 86, Section 7 —but exists independent of it. The statute, however, confers upon the personal representative of a decedent the right to bring such suit where the personal estate is insufficient to pay the debts, a right which he did not have before the statute."

See also *Broderick* v. *Broderick, Exr.*, 28 W. Va. 378. The right of a creditor to institute such a suit, having existed before the enactment of the statutes referred to, and such right being recognized and provided for in the statutes, especially Section 6 of Chapter 86 of Code 1923, the question presented is whether the provisions of Section 7 of said chapter (Code, 44-8-7) operate as an absolute denial of the jurisdiction of a court of equity to entertain the suit of a creditor instituted within the six months' period mentioned therein. It will be observed that Section 7 does not in terms prohibit the institution

of such a suit by a creditor within such period. It provides that a personal representative may, where the personal estate is insufficient to pay debts, commence and prosecute such a suit, but it also provides that if a creditor's suit be pending at the time of the death of the decedent, its prosecution should not be interfered with, except that the plaintiff is required to bring into the suit by amended or supplemental bill all proper and necessary parties, presumably the personal representative, heirs at law and known creditors of the decedent. It further provides that if such a suit is not commenced within six months, it may be instituted by a creditor and prosecuted on behalf of himself and other creditors. Also, by Section 10 of said chapter, as it existed at the time the Lattimer suit was instituted (Code 1923, Section 10, Chapter 86), it was provided that:

> "After the commencement of any such suit as aforesaid, if any creditor of the said deceased commence another suit, either at law or in equity, upon a claim against him or his estate, no costs shall be recovered in such last mentioned suit."

In Code 1931, 44-8-10, there is added to the provision above quoted the further language:

> " * * * and the court, or judge thereof in vacation, may enjoin the plaintiff therein from the prosecution of any such suit, action or proceeding, and require him to assert his claim or lien in the suit provided for by this article, or make any other order or decree that may seem right and proper to protect the interests of all parties having claims or liens."

It is apparent, of course, that the provision last above quoted, appearing for the first time in the Code of 1931, and the Lattimer suit having been instituted in 1928, has no more than argumentative force with respect to the construction which should be given to Section 7 in the case at bar, but the section in its original form and as

amended apparently recognizes the right of a creditor to institute such a suit, even after a suit by an administrator or executor, but avoids the accumulation of costs by providing that no costs shall be taxed in such subsequently instituted suit. The section impliedly concedes the jurisdiction of the court to entertain a suit and to make any such order or decree with respect thereto as may seem right and proper.

That the personal representative of a decedent has a right, within the six months' period mentioned, to institute a suit for the settlement of the estate of his decedent and subject real estate to sale, and that such right may be exercised by him to the exclusion of any creditor, is not denied by the appellees, nor can it be denied under our decisions. This right has been described in some cases as exclusive and in other cases as a preference given to the executor or administrator. There is no real distinction between the two expressions and, as we view it, they mean the same thing. This right is well sustained by our decisions. *Reinhardt, Exr.* v. *Reinhardt,* 21 W. Va. 76; *Underwood's Exr.* v. *Underwood's Heirs,* 22 W. Va. 303; *Broderick* v. *Broderick, supra; Citizens State Bank* v. *McKown, Exr.,* 106 W. Va. 626, 146 S. E. 876. The question is made the subject of a query in *Gooch* v. *Gooch,* 70 W. Va. 38, 73 S. E. 56, 37 L. R. A. (N. S.) 930. But in *Poling* v. *Huffman,* 39 W. Va. 320, 19 S. E. 421, the right of a creditor to institute such a suit before the expiration of the six months' period was recognized under the circumstances of that case, and this ruling was cited with approval in *Hanly* v. *Potts,* 52 W. Va. 263, 43 S. E. 218. And in the *McKown* case, an exception to the co-called exclusive right of the personal representative was recognized. In *Tearney* v. *Marmiom,* 103 W. Va. 394, 137 S. E. 543, this court, in speaking of Section 7, said:

> "The object of that section is to give the personal representative of a decedent six months after appointment, in which to adjust claims without being harassed by litigants. Without

admitting that the section applies to this action, the immunity of the personal representative from suit has well established exceptions."

In *Broderick* v. *Broderick, supra,* this court, in discussing Section 7, said:

"This right of the creditor to institute and prosecute such suit, where the personal estate was insufficient for the payment of the decedent's debts, was possessed by him before the statute was passed and was one of the recognized grounds of equitable jurisdiction. 1 Story's Equity Juris., section 546. The effect of the statute was to confer the right to prosecute such a suit upon the personal representative which, except in special cases, he had no right to do. This right was given to the personal representative for the limited period of six months from the date of his qualification, and afterwards, until some creditor had instituted such suit, and was rather a limitation *as* the creditor's general right to bring such suit than a grant of authority to do so."

We hold, therefore, that the purpose of Section 7 was not to deprive courts of equity of their well established jurisdiction to entertain suits by creditors for the settlement of the estates of decedents, but merely to give to a personal representative of such decedent, (1) the right to institute such a suit in his own name for the benefit of all creditors, a right which he did not theretofore possess; and (2) to give to the personal representative a period of time in which he would be relieved of embarrassment of suits by creditors before he had an opportunity to ascertain the true status of the estate in his charge. While the statute conferred upon the personal representative the exclusive or preferential right to control litigation necessary for the settlement of such an estate during the prescribed period, it was a right which he could waive. He could institute such a suit after the expiration of the six months' period, provided no creditor had in the meantime instituted such a suit (*Rein-*

*hardt* v. *Reinhardt, supra*), or he could waive his right to sue within the six months' period and open the way for such action on the part of a creditor. We do not think the statute calls for a hard and fast rule of application. The right to institute the suit exists in the personal representative under the statute; the right to institute such a suit, on the part of a creditor, exists both under the common law and under the statute; and the court has a right to entertain such a suit on the part of a creditor within the six months' period, subject to the right of the personal representative to appear and assert his preferential rights with respect to such suit, either by having the same dismissed or himself substituted as plaintiff in place of the creditor; or, in view of the fact that the statutory provision has for its purpose the orderly administration of estates, an heir at law would probably have the right to interpose an objection to the suit of the creditor instituted within the six months' period; or, where the rights of infants are involved, and where their interests were submitted to the court under the usual answer filed by a guardian *ad litem,* the court, on its own motion, would be authorized to enter such order with respect to the suit as it might deem right and just. But where such a suit has been instituted in which the administrator and heirs at law have been made parties, and no objection is lodged against the suit at any stage of its progress, to hold that orders entered therein and sales made thereunder are absolutely void would, in our judgment, be giving to Section 7 a construction never contemplated by the legislature. Such a construction would, in many cases, result in great injustices and for that reason cannot be held to have been within the contemplation of the legislature. For example, such a construction, prior to the Code of 1931, might have resulted in depriving a creditor of a right to protect himself against the running of the statute of limitations. A creditor might hold a claim against a decedent which would become barred within the six months' period. Death does not stop the running of the statute of limitations. *Wil-*

*son* v. *Harper,* 25 W. Va. 179; *Handy* v. *Smith,* 30 W. Va. 195, 3 S. E. 604; *Mynes* v. *Mynes et al.,* 47 W. Va. 681, 35 S. E. 935. The institution of a suit to settle an estate by a personal representative or a creditor does stop the running of the statute. *Jackson's Admr.* v. *Hull,* 21 W. Va. 601, 612; *Dunfee* v. *Childs,* 45 W. Va. 155, 30 S. E. 102; *Rowan* v. *Chenoweth et al.,* 49 W. Va. 287, 38 S. E. 544, 87 Am. St. Rep. 796. Therefore, failure of an administrator to institute a suit until well near the expiration of the six months' period might result in many claims becoming barred by the statute of limitations. It may be said that creditors could protect themselves against the bar of the statute by instituting suits against the personal representative, but, under our decisions, it has been held that a judgment against a personal representative of an estate is not even *prima facie* evidence of a debt against the heirs of the decedent, and that in a suit against heirs to subject the real estate of their decedent, they will not be precluded from relying upon the statute of limitations as a bar to the original cause of action. *Merchants' Nat. Bank* v. *Good,* 21 W. Va. 455; *Saddler's Admr.* v. *Kennedy's Admr.,* 26 W. Va. 636; *Broderick* v. *Broderick, supra; Board* v. *Callihan,* 33 W. Va. 209, 10 S. E. 382; *Maudru* v. *Humphreys, Admr.,* 83 W. Va. 307, 98 S. E. 259. Code 1931, 44-8-6, in effect, provides that any judgment or decree, except one taken by default, thereafter rendered, against a personal representative, shall be *prima facie* evidence of such debt against the heir in a suit in equity, and, as the law now is, has the effect of safeguarding the rights of a creditor as to the statute of limitations in some cases; but prior to this enactment, and at the time of the Lattimer suit in 1928, the holdings above mentioned were effective and binding. This particular illustration is given to draw a picture of the consequences which might result from a too rigid application of the statute under discussion. Many other illustrations might be given of cases calling for the assertion of rights by creditors within the six months' period. To say that a court of equity has no

jurisdiction to entertain a suit with respect to an estate during that period, is placing too much power in the hands of the representative of the estate. If we adhere to the rule, and we have no disposition to do otherwise, that a personal representative has the right and power either to institute a suit within the six months' period or to bring about the dismissal of or otherwise assume control of a suit instituted by a creditor within that period, and thus save to the personal representative the substantial right which the statute meant to give him, we have carried out the real meaning, intent and purpose of the statute, and at the same time, left a door open by which, in a proper case, creditors may protect themselves. In opening this door and holding that there must be exceptions to the rule, we are necessarily driven to hold that jurisdiction exists to entertain such a suit on the part of a creditor. If the statute operates as an absolute bar against such a suit on the part of a creditor within the six months' period, then there is no place for any character of exception. The admission of an exception, contrary to the general rule that an exception proves the rule, yields the point of jurisdiction and requires the personal representative to assert his prerogative in a case in which the court has jurisdicton.

We have considered the cases of *Lewis* v. *Fisher*, 114 W. Va. 151, 171 S. E. 106, and *Matheny* v. *Greider*, 115 W. Va. 763, 177 S. E. 769, so strongly relied on by the appellant. The *Lewis* case bears upon a question of the right to extend the admitted jurisdiction of the court over the parties and certain property, where it was sought to cover other property as to which such jurisdiction was not admitted; and the *Matheny* case was one involving the constitutional right of trial by jury. They do not, in our opinion, bear upon the precise question presented in the case at bar.

It results from these observations that we are of the opinion that the circuit court of Roane County had jurisdiction to entertain the suit of Lattimer against Hess,

and that the decrees entered therein are binding upon the parties thereto.

The decree appealed from is affirmed.

*Affirmed.*